PETERSON, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 3,588.)

(Submitted January 8, 1916. Decided January 27, 1916.)

[155 Pac. 265.]

*Res Judicata—Judgment on Merits—Failure to Appeal—Effect.*

1. A judgment, in an action for damages caused to plaintiff's property by a change in a street grade, which recited that, as shown by the evidence, it was barred by subdivision 3 of section 6447, Revised Codes, being upon the merits, was conclusive on that point, and in the absence of a timely appeal, became final, and constituted a bar to another action on the same cause.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

ACTION by John Peterson against the City of Butte. Judgment for plaintiff. Defendant appeals from it and an order denying it a new trial. Reversed and remanded, with directions to dismiss.

*Messrs. Alexander Mackel, Wm. F. Davis* and *N. A. Rotering,* for Appellant, submitted a brief; *Messrs. Davis* and *Rotering* argued the cause orally.

*Messrs. Nolan & Donovan,* for Respondent, submitted a brief.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The plaintiff having recovered a judgment for damages alleged to have been caused by the defendant by a change of the grade of its streets adjacent to and in front of plaintiff's property, the defendant has appealed from the judgment and an order denying its motion for a new trial.

This controversy was heretofore before this court in another case under the same title, on appeal from a judgment rendered on the pleadings in favor of the defendant. The decision is reported in 44 Mont. 129, 120 Pac. 231. Reference is made to that case for a statement of facts showing the character of the controversy. The present action was commenced on January 19, 1912. Its general demurrer to the complaint having been overruled, the defendant interposed the defenses (1) that plaintiff's cause of action is barred by subdivision 3 of section 6447, and subdivision 2 of section 6449 of the Revised Codes; (2) that in an action heretofore brought by plaintiff against the defendant upon the same cause of action, said action being designated in the district court as cause A2026, a final judgment was rendered for the defendant on the merits; that this judgment has never been reversed, modified, or set aside; that it is now in full force and is *res judicata* as to the cause of action herein. In his reply, plaintiff by denials and counter averment joined issue upon these allegations, except so far as they relate to the identity of the cause of action and the parties. The cause was

tried to the court without a jury. It found that the judgment in cause A2026 had not been rendered on the merits, and determined that plaintiff's right to recover in this action was not concluded by it.

In their brief counsel discuss many questions relating to errors and irregularities in the proceedings during the trial. As we view the case, it is not necessary to determine any of [1] these. The vital question presented is whether the judgment in cause A2026 was upon the merits, and as such precludes recovery in this action. That it does is clear, as we shall briefly demonstrate.

The record discloses that the trial of cause A2026, after plaintiff and defendant had, respectively, concluded the introduction of evidence, the defendant moved the court to direct a verdict in its favor upon the ground, among others, that the evidence disclosed that the action was barred by the provisions of sections 6447 and 6449 of the Revised Codes. The motion was sustained, expressly on the ground that the action was barred by subdivision 3 of section 6447, and the jury were directed to return a verdict for the defendant. This was done, and thereupon the court rendered and caused to be entered judgment for the defendant for costs. All this appears from the recitals in the judgment itself. The conclusion cannot be avoided that the court was of the opinion, and intended to declare, and did declare, that plaintiff's cause of action was barred by the provision of the statute made the basis of the decision. In other words, the exact question determined appears upon the face of the judgment. Therefore, *proprio vigore*, it became conclusive upon the question decided. (Rev. Codes, secs. 7914, 7917.) It is not of avail that the determination was for any reason erroneous. If such was the case, the only escape for plaintiff from being concluded by it was to have it set aside on appeal, or by other appropriate method. (*Peterson* v. *City of Butte, supra; Dunseth* v. *Butte El. Ry. Co.,* 41 Mont. 14, 21 Ann. Cas. 1258, 108 Pac. 567.) This was not done. It was allowed to stand, and has long since become final.

Nothing said in the opinion in *Peterson* v. *City of Butte* can aid the plaintiff in this case. The judgment in that case had been rendered on the pleadings. It was determined by this court on the appeal that, in view of the issues presented by the pleadings, the judgment should have been one in abatement, and not one on the merits, for the reason that the merits could not have been determined in cause A2026, except upon a hearing of evidence. Now it appears that the judgment in A2026, instead of being a judgment in abatement, as appeared from the pleadings in *Peterson* v. *City of Butte,* was in fact a judgment on the merits.

The judgment and order of the district court are reversed and the cause is remanded, with directions to dismiss the action.

*Reversed and remanded.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.