SWEENEY, Respondent, *v.* CITY OF BUTTE, Appellant.

(No. 4,801.)

(Submitted June 2, 1922. Decided July 10, 1922.)

[208 Pac. 943.]

*Cities and Towns—Police Officers—Wrongful Discharge—Limitations of Actions — Statutes—Laches—Waiver—Judgments —Collateral Attack—Constitution—Special Sessions of Legislature—Governor's Proclamation.*

Police Officers—Wrongful Discharge—Recovery of Salary—Judgments—Collateral Attack.

1. In an action by a police officer who had been illegally discharged to recover his salary for the time during which he was prevented from serving, the city cannot on appeal collaterally attack a judgment rendered in a prior *mandamus* proceeding ordering plaintiff reinstated from which it had not appealed and where no question was made that the trial court did not have jurisdiction of the parties and subject matter in such proceeding.

Statutes—Legislature—Special Session—Subject of Legislation—Constitution—Proclamation of Governor.

2. If legislation passed at a special session of the legislature is upon a subject embodied in the governor's proclamation, it does not come within the inhibition of section 11 of Article VII of the Constitution.

Police Officers—Recovery of Salary—Statute—Limitations of Actions—Special Session of Legislature—Proclamation of Governor.

3. *Held,* that Chapter 11, Extraordinary Session Laws of 1919, providing that actions by police officers for the recovery of salaries must be commenced within six months after the cause of action shall have accrued, *etc.,* is not open to the objection that it did not come within the purview of the governor's proclamation calling the session, his reference therein to certain conditions prevailing in the "department of police" in a named city covering the subject of the legislation.

Same—Recovery of Salary—Limitation of Action—Statute.

4. Since a police officer's cause of action for recovery of two years' back salary did not accrue until it had been judicially determined in a *mandamus* proceeding that he had been wrongfully ousted, the limitation of six months prescribed by section 1, Chapter 11, *supra,* did not commence to run until rendition of judgment in the *mandamus* proceeding.

Same—Limitations of Actions—Laches—Waiver.

5. By failing to interpose the defense of laches in plaintiff's proceeding for *mandamus* to have himself reinstated as patrolman, defendant waived its right to interpose it in plaintiff's subsequent action to recover salary under the contention that a party cannot suspend indefinitely the running of the statute of limitations by delaying the performance of a preliminary act—the bringing of the *mandamus* proceeding.

Same—Recovery of Salary for Services Actually Rendered—Inapplicability of Statute.

6. The provision of section 2, Chapter 11, Extraordinary Session of 1919, that a police officer can recover salary only for services actually rendered, did not apply where he was unlawfully discharged and, though offering to perform them, was thereafter prevented from so doing, since the city could not take advantage of its own wrong.

Same—Recovery of Salary for Days for Which Plaintiff Reports for Duty —Statute Inapplicable, When.

7. Where a police officer was discharged contrary to the provisions of the Metropolitan Police Law, and not suspended or placed on the eligible list, section 2 of Chapter 11 above, providing that where a member of the police force was suspended or placed on the eligible list he can only recover salary for the days he reports for duty, has no application.

*Appeals from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Thomas D. Sweeney against the City of Butte. From a judgment for plaintiff and an order refusing a new trial, defendant appeals. Affirmed.

*Mr. R. L. Clinton, Mr. E. D. Elderkin, Mr. J. O. Davies* and *Mr. M. J. Cavanaugh,* for Appellant, submitted a brief and one in reply to that of Respondent; *Mr. Cavanaugh* argued the cause orally.

The Act of August 11, 1919, was a complete bar to respondent's right to recover. Under all rules of law most favorable to respondent, the Act of August 11, 1919, took hold of his rights at the date of its approval, and whatever rights he had accrued on that date and were barred six months later. (*Baer* v. *Choir,* 7 Wash. 631, 32 Pac. 776, 36 Pac. 286; *Sohn* v. *Waterson,* 17 Wall. (U. S.) 596, 21 L. Ed. 737 [see, also, Rose's U. S. Notes]; *In re Mosher,* 24 Okl. 61, 20 Ann. Cas. 209, 24 L. R. A. (n. s.) 530, 102 Pac. 705; *Crowell* v. *Davenport,* 11 Ariz. 323, 94 Pac. 1114; *Crothers* v. *Edison Electric Co.,* 149 Fed. 606.)

If it were necessary for respondent to take any preliminary step to establish his right to his office before suing for salary, he was obliged to take that step within the period fixed by the Act for bringing his main action; if he failed, the statute was a complete bar. (*Williams* v. *Bergin,* 116 Cal. 56, 47 Pac.

877; *Ball* v. *Keokuk & N. W. Ry. Co.,* 62 Iowa, 751, 16 N. W.
592; *Reizenstein* v. *Marquardt,* 75 Iowa, 294, 9 Am. St. Rep.
477, 1 L. R. A. 318, 39 N. W. 506; *Pittsburgh L. etc. Ry. Co.*
v. *Byers,* 32 Pa. St. 22, 72 Am. Dec. 770; *Baker* v. *Johnson
County,* 33 Iowa, 151; *First Nat. Bank* v. *King,* 60 Kan. 733,
57 Pac. 952; *Keithler* v. *Foster,* 22 Ohio St. 27; *Palmer* v.
*Palmer,* 36 Mich. 487, 24 Am. Rep. 605; *Codman* v. *Rogers,*
10 Pick. (Mass.) 112; *Kulp* v. *Kulp* (*Culp* v. *Culp*), 51 Kan.
341, 21 L. R. A. 550, 32 Pac. 1118; *Rork* v. *Board of County
Commrs.,* 46 Kan. 175, 26 Pac. 391; *Bauserman* v. *Charlott,*
46 Kan. 480, 26 Pac. 1051; *Bauserman* v. *Blunt,* 147 U. S.
647, 37 L. Ed. 316, 13 Sup. Ct. Rep. 466 [see, also, Rose's
U. S. Notes]; *Purcell Bank & Trust Co.* v. *Byars,* 66 Okl.
70, 167 Pac. 216.)

"The overwhelming weight of authority is to the effect that
it is within the power of the legislature to impose such condi-
tions upon the right to sue cities, which are merely arms of
the state government as, in its judgment, may seem wise and
proper, and that the conditions thus imposed are conditions
precedent and cannot be ignored either by claimants or
courts." (*State* v. *Seattle,* 57 Wash. 602, 27 L. R. A. (n. s.)
1188, 107 Pac. 827; 17 R. C. L. 665, note 16; *Chesapeake etc.
Canal* v. *United States,* 223 Fed. 926, L. R. A. 1916B, 734,
139 C. C. A. 406; *Finn* v. *United States,* 123 U. S. 227,
31 L. Ed. 128, 8 Sup. Ct. Rep. 82 [see, also, Rose's U. S.
Notes]; *Whitemore* v. *People,* 227 Ill. 453, 10 Ann. Cas. 44,
81 N. E. 427; *Nichols* v. *United States,* 7 Wall. (U. S.) 122,
19 L. Ed. 125 [see, also, Rose's U. S. Notes]; *Lewis* v. *Pawnee
Bill's Wild West Co.,* 6 Penne. (Del.) 316, 16 Ann. Cas. 903,
66 Atl. 471.)

Section 11 of Article VII of our Constitution provides that
the special sessions may legislate upon any matter recom-
mended by the governor after its assembly. (*State* v. *Shores,*
31 W. Va. 491, 13 Am. St. Rep. 875, 7 S. E. 413; *Baldwin* v.
*State,* 21 Tex. App. 591, 3 S. W. 109; *Wells* v. *Missouri Pac. Ry.
Co.,* 110 Mo. 286, 15 L. R. A. 847, 19 S. W. 530; *Chicago etc. R.*

*Co.* v. *Wolfe,* 61 Neb. 502, 86 N. W. 441; *People* v. *Curry,* 130 Cal. 82, 62 Pac. 516.)

*Mr. John V. Dwyer* and *Mr. N. A. Rotering,* for Respondent, submitted an original and a supplemental brief; *Mr. Rotering* argued the cause orally.

The right to the salary accrued at the moment when this respondent was reinstated by the judgment of July 24, 1920. (*Peterson* v. *City of Butte,* 44 Mont. 401, Ann. Cas. 1913B, 538, 120 Pac. 483.) Even though payable at the end of each month, plaintiff could not enforce payment until he was reinstated.

A cause of action accrues from the time the right to sue for the breach attaches. (*Amy* v. *Dubuque,* 98 U. S. 470, 476, 25 L. Ed. 228 [see, also, Rose's U. S. Notes].) One of the definitions of "accrue" in the Century Dictionary is "arise in due course," and another is "in law, to become a present and enforceable demand." A cause of action may properly be said to accrue when the liability arises so far as to become enforceable. (*McGuigan* v. *Rolfe,* 80 Ill. App. 256, 259; *Lawrence* v. *Doolan,* 68 Cal. 309, 5 Pac. 484, 9 Pac. 159.) The statute of limitations relied upon by the appellant does not bar the cause of action, for the reason that the salary is an incident to the office and this respondent was not entitled to it unless he first established his right to the office. Having established his right to the office his right to the salary accrued; and he had six months after the twenty-fourth day of July, 1920, within which to bring his action.

We next urge that the attack made on the judgment in the *mandamus* proceedings is a collateral attack upon a judgment of a court of record and that the same cannot be successfully made. (*Haupt* v. *Simington,* 27 Mont. 480, 483, 94 Am. St. Rep. 839, 71 Pac. 672; *O'Neill* v. *Yellowstone Irr. Dist.,* 44 Mont. 492, 511, 121 Pac. 283; *Jenkins* v. *Carroll,* 42 Mont. 302, 310, 112 Pac. 1064; *Botkin* v. *Kleinschmidt,* 21 Mont. 1, 6,

69 Am. St. Rep. 641, 52 Pac. 563; 23 Cyc. 1093, 1094, and cases cited.)

The statute pleaded in the answer is unconstitutional. With the proclamation silent upon the subjects mentioned in Chapter 11, the subsequent message becomes important. Our view is that the only recommendation contained in the message is the recommendation of the mayor of the city of Butte; it does not contain any recommendation of the governor. "There ought to be an amendment to the general law so that such conditions may be obviated in the future" is all that the governor said. Not any of the language of this message, even indirectly, can have any reference to a statute of limitations. The cases of *State ex rel. A. C. M. Co.* v. *Clancy,* 30 Mont. 529, 77 Pac. 312, and *State* v. *Harney,* 30 Mont. 193, 201, 76 Pac. 10, are somewhat in point.

MR. COMMISSIONER COMER prepared the opinion for the court.

This is an action brought by Thomas D. Sweeney, the plaintiff and respondent, against the city of Butte, defendant and appellant, to recover his salary as a member of the police department of defendant from May 1, 1918, to July 25, 1920. Plaintiff recovered judgment in the district court and the defendant appeals.

Summarizing the facts, as alleged in plaintiff's complaint, they are as follows:

Defendant is a municipal corporation, a city of the first class, possessing a population exceeding 10,000. In June, 1908, it adopted an ordinance creating a police department. On May 1, 1918, plaintiff was, and now is, a qualified member thereof in the capacity of patrolman, having been duly and regularly appointed thereto. On May 1, 1918, the mayor of the city of Butte ousted and wrongfully removed him from such position as a member of said police department, causing his name to be stricken from the pay-roll without any charges of any kind being preferred against him before the examining

and trial board. On May 28, 1920, a proceeding in *mandamus* was commenced in the district court by plaintiff to compel defendant city to restore him to the office and the emoluments incident thereto. On July 24, 1920, after a trial before the court, a peremptory writ of mandate was issued, adjudging plaintiff had been unlawfully ousted from his office as a member of the police department of the city of Butte. Paragraph 5 of the complaint is as follows: "That said plaintiff was at all of the dates between said first day of May, 1918, and the twenty-fifth day of July, 1920, and at all times, ready, willing and able to perform the duties of his said office, and at all times held himself in readiness to perform said duties (and reported to the mayor of the city of Butte and to the chief of police of the city of Butte that he was at all times ready and willing to perform the duties of patrolman of the city of Butte), and prior to the date of the commencement of said mandate proceedings so notified the mayor of said city and the chief of police thereof." Plaintiff filed his claim for the salary of the office with the city clerk of defendant, but it was disallowed.

The answer of defendant admits the adoption of the ordinance creating the police department, and that it rejected and disallowed plaintiff's claim, denies all other allegations of the complaint, and alleges that said cause of action is barred by the provisions of Chapter 11 of the Extraordinary Session of the Sixteenth Legislative Assembly. From the judgment in favor of plaintiff, and the order refusing a new trial, defendant appeals.

Several specifications of error are alleged; but, as we view the cause, only two propositions are involved: First, may the defendant at this time attack the judgment rendered in the district court, determining plaintiff was entitled to the office and the emoluments thereof? Second, what is the effect upon this action of Chapter 11 of the Extraordinary Session Laws of the Sixteenth Legislative Assembly, approved August 11, 1919?

[64 Mont. 230.]

· Can the defendant attack the judgment in the *mandamus*
[1] action rendered July 24, 1920, adjudging plaintiff entitled
to the office and emoluments? It is conceded that no appeal
was taken from the judgment, and it is in full force and effect.
Defendant vigorously assails the judgment, upon the ground
that the facts pleaded did not warrant the court in adjudging
plaintiff entitled to the office and emoluments. This is a
collateral attack upon the judgment. (*Haupt* v. *Simington,*
27 Mont. 480, 94 Am. St. Rep. 839, 71 Pac. 672.) No question
is raised that the court did not have jurisdiction either of the
parties or the subject matter of the action, but the assertion
is that the conclusion of the court, as embodied in the final
judgment, is erroneous. The same question was raised in
*Peterson* v. *Butte,* 52 Mont. 13, 155 Pac. 265, and in disposing
of it, Mr. Chief Justice Brantly said: "The conclusion cannot
be avoided that the court was of the opinion, and intended to
declare, and did declare, that plaintiff's cause of action was
barred by the provision of the statute made the basis of the
decision. In other words, the exact question determined ap-
pears upon the face of the judgment. Therefore, *proprio
vigore,* it became conclusive upon the question decided. (Rev.
Codes, secs. 7914, 7917.) It is not of avail that the determi-
nation was for any reason erroneous. If such was the case,
the only escape for plaintiff from being concluded by it was
to have it set aside on appeal, or by other appropriate method.
(*Peterson* v. *City of Butte, supra; Dunseth* v. *Butte El. Ry.
Co.,* 41 Mont. 14, 21 Ann. Cas. 1258, 108 Pac. 567.) This was
not done. It was allowed to stand, and has long since become
final."

Not having appealed from the judgment awarding the per-
emptory writ, defendant is bound by it. (Sec. 10558, Rev.
Codes 1921.) The peremptory' writ issued in the *mandamus*
action directed the defendant to admit plaintiff "to the use,
enjoyment and possession in active service, and to the pay,
and position, and office, of patrolman and member of the police
department of the city of Butte." This was an adjudication

that plaintiff was unlawfully deprived of his office as patrol-man and that he was entitled to a reinstatement [and to the emoluments].* ''The salary is an incident to the office, and, if entitled to the office, his right to the salary follows.'' (*Wynne* v. *City of Butte,* 45 Mont. 417, 123 Pac. 531; *State ex rel. Boul-ware* v. *Porter,* 55 Mont. 471, 178 Pac. 832.)

Therefore plaintiff is entitled to the amount claimed as [2, 3] salary, unless his claim is barred by the provisions of said Chapter 11, enacted at the Extraordinary Session of the state legislature in 1919. This Chapter is as follows:

''Section 1. Actions to recover salaries by members of the police department of cities must be commenced within six (6) months after the cause of action shall have accrued.

''Sec. 2. No action can be maintained by members of the police department of cities for unpaid salary, except for ser-vice actually rendered and if suspended or placed on the eligible list, then only for the days the member of the police department reports for duty.

''Sec. 3. All Acts and parts of Acts in conflict herewith are hereby repealed.

''Sec. 4. This Act shall be in full force and effect from and after its passage and approval.''

It is contended by plaintiff that the Act is within the inhi-bition contained in section 11 of Article VII of the Constitu-tion of Montana, in that the subject of the Act is not within the purview of the proclamation or recommendation of the governor. Section 11 of Article VII is as follows: ''He may on extraordinary occasions convene the legislative assembly by proclamation, stating the purposes for which it is convened, but when so convened, it shall have no power to legislate on any subjects other than those specified in the proclamation, or which may be recommended by the governor, but may pro-vide for the expenses of the session and other matters inci-dental thereto. He may also by proclamation convene the

---

*See last paragraph of opinion in *Sullivan* v. *City of Butte,* 65 Mont. ——, 211 Pac. 301.

senate in extraordinary session for the transaction of executive business.''

The proclamation of the governor, calling the special session, has no reference to the legislation embodied in said Chapter 11, but in his message to the legislature at this session, on the day it convened, with reference to the "department of police," the governor said: "The mayor of the city of Butte has directed my attention to the fact that the law having to do with 'department of police' has been so construed as to work an injustice upon cities. He states that the city of Butte has paid out more than one hundred thousand dollars in salaries to discharged and suspended policemen, for which no service was rendered. He considers the matter of emergent importance and asks that I submit the same to you for consideration. There ought to be amendment to the general law so that such conditions may be obviated in the future."

Does Chapter 11, subsequently passed at the special session, come within the scope of the governor's message? Section 11 of Article VII of the Constitution was construed by this court in *State ex. rel. Boston etc. Co.* v. *Harney,* 30 Mont. 193, 76 Pac. 10, and *State ex rel. A. C. M. Co.* v. *Clancy,* 30 Mont. 529, 77 Pac. 312. In the latter case the court said: "When the exigencies of the times require it, the legislature may be called in extraordinary session by the governor to consider particular subjects of legislation. Those subjects must be enumerated in the proclamation or in the governor's message to the assembly, and the power of the legislature is limited to enacting laws affecting those subjects only. (Sec. 11, Art. VII, above.) In other words, the governor may submit the subjects with reference to which legislation is desired, but the law-making body then has absolute power to construct such laws respecting those subjects as it shall see fit (unless restrained by constitutional inhibition), or to disregard the subjects altogether and not enact any measures respecting them."

The legislature, when convened in extraordinary session, has "no power to legislate on any subjects, other than those specified in the proclamation, or which may be recommended by the governor." If the legislation is upon the subject embodied in the recommendation, then it does not come within the inhibition of the Constitution. The subject of the message or recommendation of the governor now under consideration is an amendment to the law relating to the "department of police," for the purpose of obviating certain conditions in the future, *viz.*, the payment of salaries where no services are rendered. The provisions of Chapter 11 pertain to this recommendation, but do not go beyond its scope or purview. Section 1 provides that actions for salaries of members of the police department must be commenced within six months after the cause of action shall have accrued. This relates to the subject of the governor's message. The limitation upon the time for commencing actions to recover salaries was, no doubt, put in the Act by the legislature to prevent claims for salary being sued upon long after they had accrued. The provision tends to accomplish the object specified in the message. Section 2 of the Act prohibits the payment of salaries where no services are rendered, and provides that, if the member is suspended or placed upon the eligible list, he can recover only for the days he reports for duty. All of the provisions of section 2 relate to the subject of the message, and have for their purpose the prevention of the payment of salaries under certain conditions. We are of the opinion that said Chapter 11 is not subject to the objection raised.

What effect does Chapter 11 have upon the plaintiff's cause [4] of action? Section 1 of the Act provides: "Actions to recover salaries by members of the police department of cities must be commenced within six (6) months after the cause of action shall have accrued."

Plaintiff is suing for salary from May 1, 1918, to June 25, 1920. Said Chapter 11 was approved August 11, 1919. This action was commenced September 1, 1920. If, therefore, its limitation applies to the cause of action pleaded, plaintiff can-

not recover any salary for any period of time, except that which accrued within the six months immediately prior to September 1, 1920; both parties hereto apparently agree that the salary, if due at all, is due at the expiration of each month. Defendant contends that said section 1 applies, and that, the action not having been commenced until September 1, 1920, all of the cause of action is barred, except that accruing within six months immediately prior to the commencement of the action. Plaintiff contends that inasmuch as he had been unlawfully and wrongfully ousted and removed from his office by his superior officer, he must first have himself restored to the office before he can maintain his action for compensation, and therefore his cause of action did not "accrue" until the date of the judgment in the *mandamus* proceeding, awarding him the office and its emoluments, citing *Peterson* v. *City of Butte*, 44 Mont. 401, Ann. Cas. 1913B, 538, 120 Pac. 483.

Plaintiff is correct in his assertion that his cause of action did not accrue until the rendering of the judgment awarding him the office, for he could not maintain this action to recover his compensation until it has been judicially determined that he has been wrongfully ousted. (*Peterson* v. *City of Butte*, 44 Mont. 401, Ann. Cas. 1913B, 538, 120 Pac. 483.)

"Where the right to sue, to resort to the particular remedy, or to proceed against particular persons depends upon the prior ascertainment of facts, or the establishment of particular conditions upon which the peculiar liabilities may be enforced, the running of the statute begins from the ascertainment of such facts or the establishment of such conditions. * * * And where such facts or conditions as those last above mentioned must be ascertained by a judgment in judicial proceedings, the statute does not run until the right of action has been ascertained by such proceedings and judgment." (25 Cyc. 1199, 1200.)

In *Pease* v. *State ex rel. Sutherland* (Tex. Civ. App.), 228 S. W. 269, it was held that the statute of limitations does not commence to run against a cause of action for the recovery of salary paid the defendant during occupancy of office to

which plaintiff had been elected, until the final decision in *quo warranto* proceedings, adjudging that defendant had not been entitled to the office, plaintiff's cause of action not having accrued until such final determination. The correct rule is announced in the two preceding authorities. Plaintiff did not have a cause of action until the *mandamus* judgment was made, and the statute of limitations did not operate upon the cause of action, as it did not accrue until the date of the *mandamus* judgment. (*Elling* v. *Harrington,* 17 Mont. 322, 42 Pac. 851.)

But the defendant contends that plaintiff waited until the [5] twenty-eighth day of May, 1920, before commencing his action in *mandamus,* a period of more than two years after he was ousted from the position, which is an unreasonable length of time, and therefore he is guilty of laches in commencing the *mandamus* action, invoking the rule laid down in 25 Cyc. 1198, to the effect that a party cannot suspend indefinitely the running of the statute of limitations by delaying the performance of the preliminary act; and if the time for such performance is not definitely fixed, a reasonable time, but that only, will be allowed therefor.

But defendant in this case is not in a position to urge laches in the commencement of the *mandamus* action, because no such defense was made in that case. This defense is merely a privilege, which may be interposed, or waived by failing to interpose it. (*State ex rel. Kolbow* v. *District Court,* 38 Mont. 415, 100 Pac. 207; sec. 9065, Rev. Codes 1921.) If the defendant had pleaded that defense in the *mandamus* case, it would have become an issue to be determined by the trial court, and plaintiff would have had an opportunity to meet it. Not having pleaded laches in the *mandamus* action, defendant has waived that defense. We are therefore of the opinion that plaintiff's cause of action is not barred by section 1 of this Act.

What effect has section 2 of this Act upon the plaintiff's [6] cause of action? An examination discloses that this sec-

tion applies to two classes of cases. It provides that no action can be maintained by members of the police department of cities for unpaid salary—(1) except for service actually rendered; and (2) if suspended or placed on the eligible list, then only for the days the member of the police department reports for duty.

Plaintiff performed no work from May 1, 1918, to July 24, 1920, but he was ready and willing to perform the work, and was prevented from doing so by the wrongful and unlawful act of the city. The theory of the defense, as we understand it from the arguments of counsel for defendant, is that the dismissal of plaintiff on May 1, 1918, severed his connection permanently with the police force, and that plaintiff should not have been reinstated by the *mandamus* proceedings; that he (the plaintiff) "was properly dismissed by the mayor." The judgment in the *mandamus* case determined plaintiff was wrongfully ousted from his position. He was prohibited from doing the work, or rendering service, as a patrolman.

The city cannot wrongfully prohibit plaintiff from performing his duties as patrolman, and, when sued for payment of the salary, plead that, as he did not perform the work, he may not recover. We are of the opinion that the statute under consideration was not intended to be used for that purpose.

"The general rule is that a public officer is entitled to the compensation attached to the office, though he is not in active service, being unable to perform service because he has wrongfully been excluded or ousted from it." (*Peterson* v. *City of Butte,* 44 Mont. 401, Ann. Cas. 1913B, 538, 120 Pac. 483.)

It is one of the maxims of our Codes that "no one can take advantage of his own wrong." (Sec. 8746, Rev. Codes 1921; *Postal Tel.-Cable Co.* v. *Nolan,* 53 Mont. 129, 162 Pac. 169; *Butte Miners' Union* v. *City of Butte,* 58 Mont. 391, 13 A. L. R. 746, 194 Pac. 149.) The construction contended for by defendant would nullify the provisions of the Metropolitan Police Law, and give the mayor power to take any patrolman out of service without any charges being preferred or trial

had thereon, in violation of the provisions of sections 5095 to 5108, Revised Codes of 1921.

This provision of section 2 of said Chapter was designed to prevent members of the department of police being paid their salaries where the services are not actually performed; but it has no application to the plaintiff's cause of action, for the reason that he offered to and was willing to perform the services pertaining to the office, but was prevented from doing so by the unlawful act of the defendant.

But the defendant seriously urges that the second clause of [7] said section 2 applies to the plaintiff's cause of action, inasmuch as it provides that, if the member is suspended or placed on the eligible list, then he can only recover for the days he reports for duty. It is true, the record in this case shows that the plaintiff reported for duty only a few days; but the plaintiff in this case was not "suspended," as that term is used in the Metropolitan Police Law. He was discharged from further service, and ousted from his position; and the city did not restore him to his position until directed to do so by the peremptory writ, issued more than two years after the unlawful ouster. Section 5099, Revised Codes of 1921, provides: "* * * The mayor and the chief of police, subject to the approval of the mayor, shall have the power to suspend a policeman, or any officer under the chief, for a period of not exceeding ten days in any one month, without any hearing or trial. * * * "

Defendant does not urge and the record and pleadings do not show that plaintiff was taken out of the service by the mayor by virtue of the suspension clause in said section 5099, so it cannot be successfully contended that this portion of the Act applies to plaintiff's cause of action.

Defendant's last contention is that plaintiff was placed upon the eligible list, and therefore he cannot recover his salary, as he did not report for duty each day during the time for which he demands salary. But the evidence in this case does not show plaintiff was ever placed upon the eligible list. Section 5101, Revised Codes of 1921, provides that vacancies shall be filled

from the eligible list. (*State ex rel. Dwyer* v. *Duncan,* 49 Mont. 54, 140 Pac. 95.) In this case the use of the term "eligible" list is defined. When it becomes necessary to reduce the number of the members of the force, patrolmen may be relegated to the "eligible" list, and, when additional patrolmen are needed, those on this list shall be called in the order of their appointment. Plaintiff was not on the eligible list at any time. It has not been defendant's theory in this case that plaintiff was relegated to the eligible list, but that the mayor had the right to discharge him from service. Assuming that defendant attempted to put plaintiff on the eligible list on May 1, 1918, yet the *mandamus* judgment is conclusive that plaintiff was not on the eligible list, for it restores him to active service as a patrolman, and from this judgment no appeal was taken and defendant is now bound by it.

We therefore recommend that the judgment and order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*