STATE, RESPONDENT, v. DISHMAN, APPELLANT.

(No. 5,106.)

(Submitted October 20, 1922. Decided November 4, 1922.)

[210 Pac. 604.]

*Criminal Law—Intoxicating Liquors—Constitutional Law—Statutes Enacted at Extraordinary Session—Validity—Governor's Proclamation.*

1. Under the rule that a subject submitted to the legislative assembly by special message while in extraordinary session is before it for consideration to the same extent as if specifically mentioned in the governor's proclamation calling it, *held* that Chapter 9, Laws of Extraordinary Session of 1921, relating to the suppression of illegal traffic in intoxicating liquor, is not invalid as in contravention of section 11, Article VII, of the state Constitution.

*Appeals from District Court, Ravalli County; James M. Self, Judge.*

ORIN DISHMAN was convicted of selling intoxicating liquors, and appeals from the judgment of conviction and from an order denying his motion for a new trial. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. H. H. Parsons,* for Appellant.

The power of the legislature to enact laws is plenary. It cannot be restricted or enlarged by any action or recommendation of the governor in its regular session. It is a distinct function of government apart from the executive, and is in nowise restrained or limited by his desire, wish or recommendation. This statement, however, appertains only to the regular session of the legislature, and not when the governor calls special or extraordinary session thereof for particular and specified purposes. When so convened in extraordinary session the scope and power of the legislature is confined in

Validity of legislation at special or extra session of legislature, see notes in 21 **Ann. Cas.** 409; **Ann. Cas.** 1915C, 475.

the limits designated in the call issued by the governor therefor.

It will be noted that in the case at bar the law passed, towit, the prohibition law, or the law making certain distribution of intoxicating liquors a misdemeanor, is not trenched upon or approached even by the special call of the governor. It would seem, then, by all proper authority that the law now challenged is unconstitutional. (Sutherland on Statutory Construction, sec. 26; *Davidson* v. *Moorman,* 2 Heisk. (Tenn.) 575; *Jones* v. *Theall,* 3 Nev. 233; *Wells* v. *Missouri Pac. R. Co.,* 110 Mo. 286, 15 L. R. A. 847, 19 S. W. 530; *In re Governor's Proclamation,* 19 Colo. 333, 35 Pac. 530; *State* v. *Woollen,* 128 Tenn. 456, Ann. Cas. 1915C, 465, 161 S. W. 1006; *Long* v. *State* (Tex. Civ.), 34 S. W. 769.) After a law is thus wrongfully enacted a subsequent approval of the Act by the governor will not validate it. (*Wells* v. *Missouri Pac. R. Co.,* 110 Mo. 286, 15 L. R. A. 847, 19 S. W. 530.)

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for the State.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Orin Dishman was convicted of selling intoxicating liquor contrary to the provisions of Chapter 9, Laws of the Extraordinary Session of 1921, and has appealed from the judgment and from an order denying his motion for a new trial.

The only contention made on behalf of defendant is that the statute under which the prosecution was had is invalid, in that it was enacted at an extraordinary session of the legislative assembly, and the subject matter was not comprehended in the proclamation of the governor convening the session.

It is true that the subject matter of Chapter 9 was not [1] referred to in any manner by the governor in his proclamation convening the seventeenth legislative assembly in extraordinary session for March 5, 1921, and that Chapter 9 was passed and approved March 22, 1921, during that extra

session. In his brief counsel for defendant says: "When so convened in extraordinary session the scope and power of the legislature is confined in the limits designated in the call issued by the governor therefor."

The only serious fault that can be found with this statement is that it is erroneous. Article VII of our state Constitution defines the powers and duties of the governor, and section 11 of that Article declares: "He may on extraordinary occasions convene the legislative assembly by proclamation, stating the purposes for which it is convened, but when so convened, it shall have no power to legislate on any subjects other than those specified in the proclamation, or which may be recommended by the governor."

A subject submitted by special message while the assembly is convened in extraordinary session is before the assembly for consideration to the same extent as if specifically mentioned in the proclamation. (*State ex rel. Anaconda C. M. Co.* v. *Clancy,* 30 Mont. 529, 77 Pac. 312; *State* v. *Rawlings,* 232 Mo. 544, 134 S. W. 530.)

On March 15, 1921, the governor transmitted to the assembly while in extra session a special message, in which he recommended the enactment of further legislation for the suppression of illegal traffic in intoxicating liquors, and particularly recommended that such changes be made in existing laws as would harmonize our enforcement statute with the Volstead Act (Senate Journal, p. 732; House Journal, p. 938), 41 Stat. 305. It was in response to the suggestions contained in that message that Chapter 9 above was enacted, and no one can contend that the message did not comprehend the subject matter of the statute. (*Sweeney* v. *City of Butte, ante,* p. 230, 208 Pac. 943.)

The judgment and order are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES FARR, COOPER and GALEN concur.