STATE, RESPONDENT, *v.* BRUSH, APPELLANT.

(No. 5,133.)

(Submitted October 23, 1922. Decided November 13, 1922.)

[210 Pac. 605.]

*Criminal Law—Manufacture of Intoxicating Liquor—Circumstantial Evidence—Sufficiency—Statutes—Extraordinary Session—Validity.*

Constitutional Law—Statutes Passed at Extraordinary Session—Validity—Proclamation of Governor.

    1. A subject submitted to the legislative assembly by special message, while convened in extraordinary session, is before the assembly for consideration to the same extent as if specifically mentioned in the governor's proclamation convening it.

Criminal Law—Manufacture of Intoxicating Liquor—Circumstantial Evidence—Sufficiency.

    2. Where the sheriff on arrest of defendant charged with unlawfully manufacturing intoxicating liquor found a keg of moonshine whisky and six fifty-gallon barrels of corn mash in a cabin erected by defendant in an unsettled and timbered part of the country, and defendant then informed the officer that he would assume "the blame for the stuff," that his still would produce a quart every fifteen minutes, *etc.*, the evidence, though entirely circumstantial, was sufficient to warrant conviction.

*Appeals from District Court, Lincoln County; C. W. Pomeroy, Judge.*

JOHN BRUSH was convicted of unlawfully manufacturing intoxicating liquors, and appeals from the judgment and an order denying a new trial. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. B. F. Maiden,* for Appellant.

While we appreciate that the provision of section 11, Article VII of the state Constitution refers to the subjects "specified in the proclamation, or which may be recommended by the governor," our contention is that in the proclamation the governor must lay a foundation for any further messages in which he may recommend to the legislature the enactment of a law

upon some subject or subjects other than those specified in
the proclamation; and this Governor Dixon failed to do. To
illustrate: in Ann. Cas. 1916B, on page 1072, is given a *verba-
tim* copy of a similar proclamation issued by Governor Col-
quitt, of Texas, convening the legislature in extraordinary ses-
sion. In such proclamation he not only specifies all subjects
in the proclamation which the legislature should interest them-
selves in, but under the provisions of a similar constitutional
provision he provides in his proclamation as follows: "To
consider and act upon such other matters as may be presented
by the governor, pursuant to section 40 of Article III of the
Constitution of Texas." This phase of gubernatorial proce-
dure on convening the legislature in extraordinary session has
never, we believe, been the subject matter of consideration by
this court, and yet we are satisfied that the practice as
exemplified in the clause last above quoted from the mes-
sage of Governor Colquitt, of Texas, lays the proper constitu-
tional foundation for additional special messages to be sent
to the legislature convened in extraordinary session, request-
ing the enactment of law by them on certain subjects not
specified in the proclamation. It would seem that the closing
of the proclamation without this special clause laying a foun-
dation for special messages necessarily binds the governor in
such cases to abide strictly by the provisions of his original
proclamation.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A.
Foot,* Assistant Attorney General, for the State.

Appellant attacks the constitutionality of the law under
which he was convicted, being Chapter 9 of the seventeenth
extraordinary legislative assembly, on the grounds that the
subject matter thereof was not specified in the proclamation
of the governor convening such extraordinary session. It is
true that the proclamation of the governor, dated March 4,
1921, by which the legislative assembly was assembled in ex-
traordinary session did not include any reference to the

prohibition or laws relating to intoxicating liquors. In a later message dated March 15, 1921, the governor called the attention of the assembly to the need of better laws for the suppression of the illegal traffic in intoxicating liquors, and Chapter 9, was the result of that message. In the case of *State* v. *Rawlings,* 232 Mo. 544, 134 S. W. 530, the validity of a prohibition statute passed at an extraordinary session of the legislature was attacked on the same ground as in the instant case, but upheld.

In most of the state Constitutions we find a specific limitation of legislation to the proclamation of the governor calling the extra session, and in such states it has been held, and rightly, that the legislation, to be valid, must be specified in the proclamation. However, such is not the case in this state, nor in the states of Missouri, Mississippi, Texas, Ohio and Nevada, where the constitutional provison has been broadened to include such subjects as may be recommended, or to which the attention of the legislature may be called by special message during the special session. This, we contend, is the rule laid down by this court in *State ex rel. Anaconda C. M. Co.* v. *Clancy,* 30 Mont. 529, 535, 77 Pac. 312.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Defendant was convicted of unlawfully manufacturing intoxicating liquors, and has appealed from the judgment and from an order denying him a new trial.

1. The statute under which this prosecution was had (Chap. [1] 9, Laws of Extraordinary Session 1921) is attacked on the ground that it was enacted at an extraordinary session of the legislative assembly, and the subject matter was not included in the governor's proclamation. The question was determined adversely to defendant's contention in *State* v. *Dishman,* 64 Mont. 530, 210 Pac. 604.

2. The only other assignment raises the question of the sufficiency of the evidence. The record discloses that on
[2]

February 3 of this year, the sheriff of Lincoln county and the chief of police of the town of Libby went into an unsettled part of timbered country some twenty miles south of Libby, where they found a newly erected cabin and in the cabin a still, a keg of moonshine whisky, and six fifty-gallon barrels of corn mash. At the time a man by the name of O'Neal and a woman called Edith Clark were in the cabin, and John Smith and defendant were a short distance from the cabin. When defendant was informed that he was under arrest and of the nature of the charge against him, he said that he would assume "the blame for the stuff." Later he said that he had built the cabin and owned it, and that his still would produce a quart every fifteen minutes. He admitted that he had been at the cabin on that occasion for about ten days.

While it must be conceded that there is not any direct evidence that defendant was actually engaged in the manufacture of intoxicating liquor at the time he was arrested, the circumstances point so conclusively to his guilt that the jury were justified in returning the verdict upon which this judgment was entered.

The judgment and order are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES FARR, COOPER and GALEN concur.