SULLIVAN, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 4,938.)

(Submitted November 24, 1922.    Decided December 21, 1922.)

[211 Pac. 301.]

*Statutes and Statutory Construction—Cities and Towns—*
*Policemen—Unlawful Discharge—Recovery of Back Salary—*
*Retrospective Statutes—Presumptions.*

Statutory Construction—Intention of Legislature to be Ascertained.
    1.  In the construction of a statute the intention of the legislature in
enacting it must be ascertained, if possible, and given effect when
ascertained.

Same—Meaning of Statute Obscure—Act Passed at Special Session—How
to be Interpreted.
    2.  Where the meaning of a statute is obscure, the court may in con-
struing it look to the history of the times when it was enacted, and if
passed at an extraordinary session of the legislative assembly, its
language must be understood in the light of the special message of
the governor submitting the subject matter for legislative considera-
tion.

Policemen—Wrongful Discharge—Status of Officer.
    3.  A policeman is in contemplation of the law a member of the force
during the time he was, by reason of his unlawful discharge, pre-
vented from performing the duties of his office and entitled to the
salary as an incident of the office.

Statutes—When Retrospective Construction not to be Adopted.
    4.  Where a statute, if construed retrospectively, will impair a right
recognized prior to its enactment, such a construction should not be
adopted unless commanded by the express terms of the Act or by
necessary implication.

Retrospective Statutes not Favored—Presumptions.
    5.  While the Constitution does not forbid the enactment of retro-
spective laws generally, such laws are looked upon with disfavor, and
every reasonable doubt will be resolved against a retrospective opera-
tion, the presumption being that the legislature did not intend to
make a new rule for past transactions.

Policemen—Wrongful Discharge—Right to Recover Back Salary—Statute
not Retrospective.
    6.  Under the above rules, *held* that section 2 of Chapter 11, Laws of
Extraordinary Session of 1919 (sec. 9037, Rev. Codes 1921), pro-
viding in effect that a policeman wrongfully discharged may not
recover back salary except for services actually performed, and one
unlawfully suspended or placed on the eligible list can recover only
for the days upon which he reported for duty, though broad enough
in a literal sense to comprehend pending actions, was not intended, in
the absence of express words so declaring, to act retrospectively so as
to cut off existing rights, but was intended to apply only to policemen
so discharged, suspended or relegated to the eligible list after its
enactment.

*Appeals from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Michael F. Sullivan against the City of Butte, a municipal corporation. From the judgment for plaintiff and from an order denying a motion for new trial, the defendant appeals. Affirmed.

*Mr. J. O. Davies* and *Mr. M. J. Cavanaugh,* for Appellant, submitted an original and a supplemental brief; *Mr. Cavanaugh* argued the cause orally.

*Mr. John V. Dwyer* and *Mr. N. A. Rotering,* for Respondent, submitted a brief; *Mr. Rotering* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The facts of this case are substantially the same as those involved in *Sweeney* v. *City of Butte,* 64 Mont. 230, 208 Pac. 943. It is urged that in disposing of the *Sweeney Case,* this court did not give sufficient consideration to the provisions of the Act of August 11, 1919 (Chapter 11, Laws Extra. Sess. 1919). That Act is very brief. It consists of two sections, the first one of which reads as follows: "Actions to recover salaries by members of the police department of cities must be commenced within six (6) months after the cause of action shall have accrued." This section is nothing more nor less than a statute of limitations, and its terms are too clear to admit of construction. It construes itself.

Section 2 provides: "No action can be maintained by members of the police department of cities for unpaid salary, except for service actually rendered and if suspended or placed on the eligible list, then only for the days the member of the police department reports for duty." The meaning of this section is difficult to determine. The two clauses in the sentence comprising the section are apparently contradictory in terms. It is a cardinal rule of statutory construction

[1, 2]

that the intention of the legislature is to be ascertained, if possible, and, when ascertained, is to be given effect. If the meaning of the statute is obscure, the courts may with propriety recur to the history of the times when it was enacted (*Lerch* v. *Missoula B. & T. Co.*, 45 Mont. 314, Ann. Cas. 1914A, 346, 123 Pac. 25), and if enacted at an extraordinary session of the legislative assembly, as in this instance, the language is to be understood in the light of the special message of the governor submitting the subject matter for legislative consideration (*State ex rel. Boston & Mont. Con. C. & S. Min. Co.* v. *Harney*, 30 Mont. 193, 76 Pac. 10).

The governor was prompted to submit this matter to the legislature by a communication from the mayor of the city of Butte. The records of this court in the numerous cases decided prior to August 11, 1919, involving the right of ousted policemen to compensation during the period of enforced idleness, disclose that cities of this state had repeatedly attempted to discharge policemen or to suspend or relegate them to the eligible list, in utter disregard of the provisions of the Metropolitan Police Law, and that in each instance the policeman had recovered his salary from the date of his unlawful discharge to the date of his reinstatement. The fact that in these cases the city of Butte had paid out more than $100,000 for services never rendered, furnished the subject for the mayor's communication to the governor, and when we consider that communication and the governor's message, we are led reluctantly to the conclusion that by section 2 above, the legislature intended to declare the policy of this state to be (1) that a policeman, though unlawfully discharged from his office, may not recover salary except for services actually performed, and (2) that a policeman, though unlawfully suspended or relegated to the eligible list, may recover salary only for the days upon which he reports for duty. We are reasonably certain, however, that by section 2 the legislature did not attempt to intercept and cut off rights existing at the time the statute was enacted.

While it is true that it was necessary for plaintiff to secure
[3] his reinstatement before he could maintain an action for
salary, it is equally true that he was in contemplation of law
a member of the police force while wrongfully prevented from
performing the duties of his office (*Bailey* v. *Edwards,* 47
Mont. 363, 133 Pac. 1095), and entitled to the salary as an
incident of the office (*Wynne* v. *City of Butte,* 45 Mont. 417,
123 Pac. 531). It may be conceded that it was within the
[4, 5] power of the legislature to deny to plaintiff and all
others similarly situated the right to sue the city for salary
accruing after August 11, 1919, and until reinstatement could
be had, but since such a construction of section 2 would impair
a right then recognized by the law, it ought not to be adopted
unless commanded by the express terms of the Act or by
necessary implication. (*Reynolds* v. *McArthur,* 2 Pet. 417,
7 L. Ed. 470; *Ducey* v. *Patterson,* 37 Colo. 216, 119 Am. St.
Rep. 284, 11 Ann. Cas. 393, 9 L. R. A. (n. s.) 1066, 86 Pac.
109.)

While our Constitution does not forbid the enactment of
retrospective laws generally, it is a rule recognized by the
authorities everywhere that retrospective laws are looked upon
with disfavor. It is a maxim said to be as old as the law
itself that a new statute ought to be prospective, not retro-
spective, in its operation. (*Baugher* v. *Nelson,* 9 Gill (Md.),
299, 52 Am. Dec. 694.) The maxim has its foundation in the
presumption that the legislature does not intend to make a
new rule for past transactions and every reasonable doubt will
be resolved against a retrospective operation. (*Stewart* v.
*Vandervort,* 34 W. Va. 524, 12 L. R. A. 50, 12 S. E. 736.)

There is not anything in section 2 above to indicate that
[6] the statute was intended to affect existing rights, and
though the language is broad enough in its literal sense to
comprehend pending actions, it ought to be construed as ap-
plicable only to cases that arise after the statute was enacted
(*Stevens* v. *Hicks,* 156 N. C. 239, 72 S. E. 313); in other
words, we think it is fairly inferable from all the circumstances
surrounding its enactment that section 2 was intended to ap-

ply only to policemen discharged, suspended, or relegated to the eligible list after August 11, 1919.

In the *Sweeney Case* above, in considering the effect of the judgment in the *mandamus* proceedings we said: "This was an adjudication that plaintiff was unlawfully deprived of his office as patrolman and that he was entitled to a reinstatement and to the emoluments." The last four words should have been omitted, for manifestly the judgment in *mandamus* could not go further than to determine the right to the office. (*Bailey* v. *Edwards*, above.) The language quoted, however, is made plain by what follows immediately: "The salary is an incident to the office and if entitled to the office his right to the salary follows." Viewed in the light of the interpretation here given to Chapter 11 above, the ultimate conclusion reached in the *Sweeney Case* is correct and disposes of these appeals.

The judgment and order are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES FARR, COOPER and GALEN concur.

MR. CHIEF JUSTICE CALLAWAY, being absent, did not hear the argument and takes no part in the foregoing decision.