Argued September 6, decided November 1, 1910.

## REISING *v.* CITY OF PORTLAND.

[111 Pac. 377.]

MUNICIPAL CORPORATIONS—"PEACE OFFICER"—POLICEMEN.

1. For the purpose of determining his right to compensation during a period of suspension on written charges which on investigation are found untrue, a policeman appointed subject to the civil service rules as required by the charter of the city of Portland (Section 179), who is required to take an oath of office and give a bond for the faithful discharge of his duties, who is made a peace officer by Section 1593, B. & C. Comp., and a large part of whose duties are such that he must have authority to act, not as agent for the State or city, but by virtue of the office, is an officer, and, when legally appointed, has title to the office, which can only be terminated in the manner provided by law.

OFFICERS—COMPENSATION—DEDUCTIONS.

2. The rule that an employer is entitled to deduct from the contract price the earnings of the employee during the time of breach of the contract by the employer has no application to the case of an officer suing for his salary, since in the latter case the liability is not upon contract, and the officer is entitled to recover his salary while wrongfully excluded from the office without crediting his earnings thereon.

MUNICIPAL CORPORATIONS—"OFFICER"—DURATION OF TERM—POLICEMEN.

3. Section 11 of the charter of the city of Portland provides that there shall be elected a mayor, treasurer, municipal judge, city attorney, auditor, and 15 councilmen, who shall be officers of the city. Section 18 prescribes the terms of such officers. Municipal officers embraced in a department, which includes detectives, are subject to the civil service rule found at section 306. Article VI, Section 7, Constitution of Oregon, provides that such other city officers as may be necessary shall be elected or appointed in such manner as may be prescribed by law. Article XV, Section 2, provides that, when the duration of any office is not provided by the constitution, it may be declared by law, and, if not so declared, the office shall be held during the pleasure of the authority making the appointment, but the legislative assembly shall not create any office, the tenure of which shall exceed four years. *Held,* that a detective is not an officer within the Constitution, Article XV, Section 2.

From Multnomah: ROBERT G. MORROW, Judge.

This is an action by J. F. Reising against the city of Portland, a municipal corporation in the county of Multnomah and State of Oregon, to recover the salary alleged to be due plaintiff, as a detective on the police force of the city. From a judgment rendered in favor of plaintiff upon the pleadings, defendant appeals.          AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. Frank S. Grant* and *Mr. John F. Cahalin.*

For respondent there was a brief and an oral argument by *Mr. Ralph E. Moody.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is an action to recover from the city of Portland $2,905.56 as salary alleged to be due to plaintiff, a detective on the police force of the city. The substance of the facts alleged is that the charter of the city of Portland enacted by the legislature in January, 1903, provides for the appointment of all officers and employees in the subordinate administrative service of the city under the civil service provisions of the charter, which include all policemen and detectives, except the chief of police. The executive board consists of ten members besides the mayor, and is the general executive department of the city, among other things having charge of the police department, which, by section 179, shall be appointed subject to the civil service rules, and, by section 180, shall consist of a "chief of police, and all necessary captains of police, detectives, patrolmen, and clerks." Each detective is required to take an oath of office and give a bond in the sum of $1,000 for the faithful discharge of his duties. The executive board has power to suspend or remove any subordinate officer or member of the police department under the civil service rules. No employee under the civil service rules shall be discharged except for cause upon written charges, and any employee so discharged may within ten days demand of the civil service commission an investigation of the charges, and, if it is found that the charges are untrue, such employee shall be reinstated by such civil service commission. On the third day of May, 1905, plaintiff was appointed a detective under the civil service rules, and served as such under the appointment until July 1, 1907, when, upon written

charges, he was suspended by the executive board. He appealed to the civil service commission, which after investigation, on July 1, 1909, found the charges untrue, and reinstated him. The salary of a detective from July 1, 1907, to October 1, 1907, was $90, and thereafter $115 per month. Thereafter plaintiff presented his claim to the council for the amount of the salary for that period, which was disallowed.

The answer admits the allegations of the complaint, and pleads two affirmative defenses: (1) That no service was rendered by plaintiff during the time of the suspension; and (2) that during that time plaintiff had other employment, the compensation for which exceeded the amount of the salary involved, and alleges that by reason thereof plaintiff was not damaged. A demurrer was sustained to these defenses and judgment rendered in plaintiff's favor upon the pleadings, from which defendant appeals.

1. The only issue arises upon the sufficiency of the affirmative defenses, and involves three questions: (1) Whether plaintiff was an officer, and therefore entitled to the salary by reason of his title to the office. (2) If so, is defendant entitled to have credited upon the claim the earnings of defendant? (3) Was the creation of the office by the charter void under the provisions of Section 2 of Article XV of the Constitution?

There is no doubt that a policeman is an officer. He is made a peace officer by Section 1593, B. & C. Comp., and a large part of his duties are such that he must have authority to act, not as agent for the state or city, but by virtue of the office: *Fitzsimmons* v. *City of Brooklyn,* 102 N. Y. 536 (7 N. E. 787: 55 Am. Rep. 835) ; *Padden* v. *City of New York,* 45 Misc. Rep. 517 (92 N. Y. Supp. 926) ; *City of Chicago* v. *Bullis,* 138 Ill. App. 297; *City of Chicago* v. *Luthardt,* 91 Ill. App. 324; *State* v. *Edwards* 40 Mont. 313 (106 Pac. 703). And, when legally

appointed, he has title to the office which can only be terminated in the manner provided by law. This is the effect of the decision in *Selby* v. *Portland*, 14 Or. 243 (12 Pac. 377: 58 Am. Rep. 307). These cases also dispose of the second question above stated.

2. The rule applicable in damage cases for breach of contract, in which the employer is entitled to deduct from the contract price the earnings of the employee during the time of the breach, has no application to the case of an officer suing for his salary, for the reason that in the latter case the liability is not upon contract. The salary is an incident of the office so long as he holds it, and, if he is wrongfully excluded from the office, he may recover the salary without crediting his earnings thereon. *Fitzsimmons* v. *City of Brooklyn*, 102 N. Y. 536 (7 N. E. 787: 55 Am. Rep. 835), is a leading case upon that question, and is cited and followed in several of the cases above cited. See, also, *Andrews* v. *Portland*, 79 Me. 484 (10 Atl. 458: 10 Am. St. Rep. 280). A distinction is made by many authorities between an office and an employment. An office is based upon some provision of law, requiring of the incumbent some service, duty, or responsibility, and conferring upon him certain authority, power, duration of service, and compensation as incident to the office. 29 Cyc. 1366. An employment is the result of contract, and the remedy or liability for a breach thereof is upon the contract for damages. It is said in *Throop* v. *Langdon*, 40 Mich. 673: "An office is a special trust or charge created by competent authority. * * The officer is distinguished from the employee in the greater importance, dignity, and independence of his position, in being required to take an official oath, and perhaps to give an official bond, in the liability to be called to account as a public offender for misfeasance or nonfeasance in office." 29 Am. & Eng. Ency. Law (2 ed.) 159; 23 Am. & Eng. Ency. Law (2 ed.) 642; *City of Chicago* v. *Lut-*

*hardt,* 91 Ill. App. 324; *City of Chicago* v. *Bullis,* 138 Ill. App. 297.

3. Was defendant an officer within the meaning of the constitution?        Section 2, Article XV, Constitution, provides:

"When the duration of any office is not provided by this Constitution, it may be declared by law; and if not so declared, such office shall be held during the pleasure of the authority making the appointment.  But the legislative assembly shall not create any office, the tenure of which shall be longer than four years."

The offices whose duration are "provided by this constitution," so far as they relate to the administrative department of the state, are specified in Article VI, Section 7 of which provides:

"Such other county, township, precinct, and city officers as may be necessary shall be elected or appointed in such manner as may be prescribed by law."

Evidently the officers of the city are named in section 11 of the charter, and their term fixed by section 18 as a compliance with the provisions of the constitution above quoted.  Section 10 provides that "the power and authority given to the municipal corporation of the city of Portland is vested in a mayor, council, and executive board, and such other boards, bodies, and officers as are provided by this charter."

"Section 11.   There shall be elected, as hereinafter provided, a mayor, treasurer, municipal judge, city attorney, auditor, and fifteen councilmen, who shall be officers of the city of Portland."

The duration of none of the offices of the city is fixed by the constitution, and the police department is not included in section 11 of the charter by which the legislature determined what offices were created by it within Section 2, Article XV, and Section 7, Article VI of the Constitution.  This legislative intention appears through-

out the charter. Section 127 provides that all heads of departments and municipal officers not embraced in a department where the term is not specified in the charter shall hold their offices until their successors are appointed. Municipal offices embraced in a department which includes detectives are subject to the civil service rules found at Section 306. The duration of the offices mentioned in Section 11 are fixed by Section 18. All others not embraced in departments hold during the pleasure of the appointing power. Thus three classes of officers are provided for. The first is within the limitation of Section 2, Article XV, of the Constitution. The second, if within the meaning of that section, is expressly excepted from it. And the third the legislature has determined is not within Section 2, Article XV, and holds under the civil service rules. To hold that policemen are officers within the meaning of Section 2, Article XV, would annul the civil service provisions of the charter so far as it includes the police department. We are not permitted to declare the civil service provisions of the charter unconstitutional if we can reconcile them with the constitution. It is said in *Ogden* v. *Saunders,* 12 Wheat. 213, 270 (6 L. Ed. 606) :

"It is but decent respect due to the wisdom, the integrity, and the patriotism of the legislative body by which any law is passed to presume in favor of its validity until its violation of the constitution is proved beyond all reasonable doubt."

And in *Fletcher* v. *Peck,* 6 Cranch 87 (3 L. Ed. 162), it is said: "The question whether a law is void for its repugnancy to the constitution is, at all times, a question of much delicacy, which ought seldom, if ever, to be decided in the affirmative in a doubtful case." *Anderson* v. *Ritterbusch,* 22 Okl. 761 (98 Pac. 1002) ; *State* v. *Edwards,* 40 Mont. 313 (106 Pac. 703).

Therefore the demurrer was properly sustained. The judgment is affirmed.                         AFFIRMED.