WYNNE, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 3,122.)

(Submitted April 12, 1912.  Decided April 17, 1912.)

[123 Pac. 531.]

*Municipal Corporations—Police Officers—Wrongful Ouster—Salary—Defenses—Damages—Statutory Provisions—Inapplicability—Claims—Filing—When Unnecessary.*

Municipal Corporations—Police Officers—Wrongful Ouster—Salary—Defense—Payment to Another.
   1.   Under section 375, Revised Codes, providing that when the title to a public office is contested, the salary cannot be paid until the proceedings have been finally determined, it was no defense to an action by a police officer for his salary during the time he was wrongfully deprived of his office, that it had been paid to a *de facto* officer, after the commencement of *quo warranto* proceedings by the plaintiff.

Same—Notice of Contest.
   2.   The failure of the clerk to comply with section 376, Revised Codes, which provides that the clerk of the district court shall certify to the disbursing officer the fact that the title to an office is contested, did not prevent an officer from recovering his salary for the time during which he was wrongfully ousted and the salary paid to a *de facto* officer.

Same.
   3.   Where a police officer was wrongfully excluded from his office, his earnings in other employments during the time of his exclusion cannot be charged against his claim for salary.

Same—Presentation of Claim—When Unnecessary.
    4. The provision of section 3288, Revised Codes, requiring claims
against a city to be verified and filed with the municipality, has not
any reference to a claim for salary fixed by ordinance; therefore, to
entitle a police officer to recover his salary for the time he was unlaw-
fully excluded from office, he was under no obligation to so present
his claim.

Same—Damages—Statutory Provision—Inapplicability.
    5. *Held,* that the right of action for damages given to one wrongfully
ousted from office, against the person guilty of such wrong, does not
refer to one for salary during the time of the ouster.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

ACTION by E. W. Wynne against the city of Butte. From a judgment for plaintiff, defendant appeals. Affirmed.

*Messrs. H. Lowndes Maury, John A. Smith,* and *N. A. Roter-ing,* for Appellant, submitted a brief; *Mr. Rotering* argued the cause orally.

Under the great weight of authority and the better reasoned cases, there can be no liability fastened upon the city of Butte for back salary during the time that Quinn was in possession of the office. ''The payment of the official salary to a *de facto* officer is a defense to a claim against the public corporation or disbursing officer making such payment, in an action brought against it or him by the *de jure* officer.'' (29 Cyc. 1430, and cases cited; 2 Abbott on Municipal Corporations, secs. 660, 694; Mechem on Public Officers, sec. 332; 1 Dillon on Municipal Cor-porations, sec. 429.) It will also appear from the cases herein-after cited, as well as from the text-books to which we have hereinbefore invited the court's attention, that no distinction is made between cases where the *de facto* officer obtains posses-sion of the office by virtue of a certificate of election and cases where the person obtained the office by reason of appointment, as in the case at bar. (*Auditor of Wayne Co.* v. *Benoit,* 20 Mich. 176, 4 Am. Rep. 382; *Coughlin* v. *McElroy,* 74 Conn. 397, 92 Am. St. Rep. 224, 50 Atl. 1025; *State ex rel. Greeley Co.* v. *Milne,* 36 Neb. 301, 38 Am. St. Rep. 724, 19 L. R. A. 689, 54 N. W. 521; *Brown* v. *Tama Co.,* 122 Iowa, 745, 101 Am. St. Rep.

296, 98 N. W. 562; *Shaw* v. *County of Pima,* 2 Ariz. 399, 18 Pac. 273; *In re Havird,* 2 Idaho, 652 (687), 24 Pac. 542.) See, also, *Dolan* v. *Mayor,* 68 N. Y. 274, 23 Am. Rep. 168, where the court also held that the *de jure* officer had an adequate remedy in his action for damages for the wrong against the usurper. "The great weight of authority is in favor of the doctrine that the county, having paid the officer *de facto,* cannot be held to pay the officer *de jure* for the same period." (*Board of Commissioners* v. *Rhode,* 41 Colo. 258, 124 Am. St. Rep. 134, 16 L. R. A., n. s., 794, 95 Pac. 551.)

"The municipality will not be held responsible for the mistake of its officers in recognizing the wrong claimant." (*Walters* v. *City of Paducah* (Ky.), 123 S. W. 287; *Nall* v. *Coulter,* 117 Ky. 747, 4 Ann. Cas. 671, 78 N. W. 1110; *Erwin* v. *City of Jersey City,* 60 N. J. L. 141, 64 Am. St. Rep. 584, 37 Atl. 732.) "There has been much said and many authorities cited by the respective parties, but the matter is too plain for further discussion." (*State ex rel. Hatton* v. *Babcock,* 106 Mo. App. 72, 80 S. W. 45; *State* v. *Clark,* 52 Mo. 508; *McAffee* .v. *Russell,* 29 Miss. 84; *Parker* v. *Dakota Co.,* 4 Minn. 59; *Chandler* v. *Hughes Co.,* 9 S. D. 24, 67 N. W. 946; *Stemmler* v. *Mayor,* 179 N. Y. 473, 72 N. E. 581; *Wright* v. *Coffey Co. Commrs.,* 21 Kan. 478.)

"Where one has been temporarily and illegally suspended or removed, he is entitled to compensation at the regular rate during such time, and what he may have earned meanwhile should, as a rule, be deducted from the amount to which he would have been entitled." (2 Abbott on Municipal Corporations, sec. 606, and cases cited; *City of Leadville* v. *Bishop,* 14 Colo. App. 517, 61 Pac. 58; *City of Denver* v. *Burnett,* 9 Colo. App. 531, 49 Pac. 378; *Buschmann* v. *City of New York,* 35 Misc. Rep. 607, 72 N. Y. Supp. 127.)

*Messrs. W. E. Carroll, W. R. Kirk,* and *Geo. M. Bourquin,* for Respondent, submitted a brief; *Mr. Kirk* argued the cause orally.

Some of the cases holding that payment of the salary to the *de facto* officer bars recovery thereof from the government by

the *de jure* officer proceed on the erroneous theory that salary is an incident, not of the *office,* but of *occupancy* of the office, and that he who occupies can compel payment. They are clearly wrong, in that a *de facto* officer by the better opinion cannot compel payment of salary to him, where there is a *de jure* claimant, in that in any such proceeding therefor his title to the office is in issue and the burden is on him to prove a valid title thereto. (*Andrews* v. *Portland,* 79 Me. 484, 10 Am. St. Rep. 281, 32 L. R. A., n. s., 949, 10 Atl. 458; *Matthews* v. *Supervisors,* 53 Miss. 715, 24 Am. Rep. 715.) Others proceed on the theory that the *de jure* officer has no variety of property right in or to the office and the salary, but this theory would seem to be wrong in that at the same time they admit the right to recover both from the *de facto* officer. (See notes to *Andrews* v. *Portland, supra; Tanner* v. *Edwards,* 31 Utah, 80, 120 Am. St. Rep. 919, 10 Ann. Cas. 1091, 86 Pac. 765.) And some seem to hold that since the rule of public policy requires that a *de facto* officer's acts in office must be upheld, the same rule compels the government to pay salary to him, which we contend is an unnecessary extension of the rule; and it is so held in *Dolliver* v. *Parks,* 136 Mass. 499. Still others go upon the theory that the disbursing officers in good faith paying the *de facto* officer cannot be put to determining title between rival claimants, and so they and the government are protected in such payment. (See notes, 16 L. R. A., n. s., 794.) The leading case for appellant's contention here seems to be *Auditors* v. *Benoit,* 20 Mich. 176, but we submit the dissenting opinion therein of Cooley, J., lays down the better doctrine. Some of the cases which support appellant's contention were based upon the facts that the *de facto* officer had a certificate of election from and based on the decisions of canvassing boards, and the *de jure* officer had never been in office and so was not ousted. They intimate the decision would be otherwise were the *de jure* officer in possession of the office and actually ousted by illegal proceedings as was respondent here. (*Brown* v. *Tama Co.,* 122 Iowa, 745, 101 Am. St. Rep. 296, 98 N. W. 564; *Stearns* v. *Sims,* 24 Okl. 623, 24 L. R. A., n. s., 475, 104 Pac. 47.)

The following cases hold that the salary being incident to the legal title to an office, payment to the *de facto* officer is no bar to recovery thereof from the government by the *de jure* officer: *Andrews* v. *Portland, supra; State* v. *Carr,* 129 Ind. 44, 28 Am. St. Rep. 163, 13 L. R. A. 177, 28 N. E. 88; *Memphis* v. *Woodward,* 12 Heisk. (Tenn.) 499, 27 Am. Rep. 750; *Savage* v. *Pickard,* 14 Lea (Tenn.), 46; *Tanner* v. *Edwards, supra; Rasmussen* v. *Board,* 8 Wyo. 277, 45 L. R. A. 295, 56 Pac. 1098; *Ward* v. *Marshall,* 96 Cal. 155, 31 Am. St. Rep. 198, 30 Pac. 1113; see, also, *Kempster* v. *City,* 97 Wis. 343, 72 N. W. 745, where it is said the contrary rule has not been adopted in Wisconsin.

The salary of an officer resting in mandate and not in contract, where a wrongfully excluded officer sues for salary for the time so excluded, there is no right of setoff because of the officer's earnings in some other employment. (*Everill* v. *Swan,* 20 Utah, 56, 57 Pac. 717; *Ward* v. *Marshall,* 96 Cal. 155, 31 Am. St. Rep. 198, 30 Pac. 1113; *Reising* v. *City,* 57 Or. 295, 111 Pac. 377.) An officer's salary is not within such statutes designed to secure audit of claims or demands against a city. (28 Cyc. 1749.) Because the salary does not arise from contract, is fixed by statute or ordinance, is certain, it needs no audit, and *mandamus* can be maintained for it direct against the treasurer and without an audit. (*Kendall* v. *Raybould,* 13 Utah, 226, 44 Pac. 1036; *State* v. *Daggett,* 28 Wash. 1, 68 Pac. 342.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On May 20, 1909, this plaintiff was the duly qualified and acting chief of police of the city of Butte, appointed to such office under the Metropolitan Police Law (Laws 1907, p. 344). In disregard of the provisions of that statute, the mayor assumed to appoint, and the city council to confirm, John J. Quinn as chief of police, and thereupon the name of this plaintiff was stricken from the pay-roll of the city. On June 21 the plaintiff instituted proceedings in *quo warranto* against Quinn to test his right to the office. The district court sustained a demurrer to

his complaint and rendered judgment in favor of Quinn.  Upon appeal that judgment was reversed.  (*State ex rel. Wynne* v. *Quinn,* 40 Mont. 472, 107 Pac. 506.)   On June 28, 1910, a final judgment was entered restoring Wynne to the office.  This action was thereupon commenced to recover from the city the salary for the period of time during which the plaintiff was prevented from discharging the duties of the office.  The city attempted to defend upon the theory that the salary had been paid to Quinn, who was a *de facto* officer, and as a further partial defense it is alleged that during the time Wynne was kept out of office he was able to, and did, earn a considerable sum of money in other employment.  The trial resulted in a judgment in favor of plaintiff for the full amount claimed, and the city has appealed.

1. Whether, in the absence of statute, payment to a *de facto* officer discharges the employing municipality is a question upon which the courts are divided.  Those holding the affirmative rest their conclusion upon the ground of public policy; but a review of the decisions is unnecessary, for in this state we have a statute which declares the public policy here.  Section 375, [1] Revised Codes, reads as follows: "When the title of the incumbent of any office in this state is contested by proceedings instituted in any court for that purpose, no warrant can thereafter be drawn or paid for any part of his salary until such proceedings have been finally determined."  If, then, after the *quo warranto* proceeding was instituted, the city disregarded the statute and paid the salary to Quinn, it did so at its peril.  Between May 20 and June 21 the plaintiff was attempting to discharge the duties of the office.

2. But it is insisted that the city was entitled to notice of the pendency of the proceeding, and that since it did not receive [2] such notice it cannot be bound.  Section 376, Revised Codes, provides that the clerk of the district court shall certify to the disbursing officer the fact that the title to an office is contested; but the failure of the clerk to perform his duty cannot

operate to deprive this plaintiff of the salary attached to the office from which he was wrongfully excluded.

3. The city is not entitled to have credited upon plaintiff's [3] claim for salary the amount he earned in other employment during the time he was wrongfully excluded from his office. His claim does not rest upon contract. He was not an employee, but an officer. The salary is an incident to the office, and, if entitled to the office, his right to the salary follows. (*Reising* v. *City of Portland,* 57 Or. 295, 111 Pac. 377, and cases cited.)

4. It was not necessary for Wynne to file with the city a [4] verified claim for the salary due him. The auditing statute (Rev. Codes, sec. 3288) does not have any reference to a claim for salary which is fixed by ordinance. (*Dawes* v. *City of Great Falls,* 31 Mont. 9, 77 Pac. 309; *State ex rel. Dudley* v. *Daggett,* 28 Wash. 1, 68 Pac. 340.)

5. The right of action given by section 6959, Revised Codes, [5] cannot refer to one for salary; for to assert that it does presupposes a violation of section 375, above.

Most of the questions presented upon this appeal were determined adversely to appellant in *Peterson* v. *City of Butte,* 44 Mont. 401, 120 Pac. 483.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.