THE STATE, EX REL. JOSEPH JARDOT, RELATOR, v. THE
CITY OF RAHWAY ET AL., RESPONDENTS.

THE STATE, EX REL. GEORGE McINTYRE, JR., RELATOR,
v. THE CITY OF RAHWAY ET AL., RESPONDENTS.

Decided July 31, 1924.

**Police Officers—Suspension—Reinstatement—Relationship to
Municipality that of an Officer, Not of a Contracting Party—
Earnings during Period of Suspension—Substitutes During
Such Period.**

On motion to strike out parts of return to alternative writs
of *mandamus.*

Before Justices KALISCH, KATZENBACH and LLOYD.

For the relators, *Hyer & Armstrong.*

For the respondents, *Edward A. Markey.*

PER CURIAM.

A writ of alternative *mandamus* was allowed to each of the
relators. The cases involved the same questions and were
argued together. The respondents made a return to each writ.
The matter is here on a motion on behalf of the relators to
strike out parts of the return to each writ. The facts on which
the writs were allowed are as follows: The relators are
police officers of the police department of the city of Rah-
way. On March 31st, 1923, each was suspended pending
charges of a serious nature against them. They were
charged that they assisted in robbing a truck loaded with
"Nero," supposed to be beer. They were arrested, taken to
the Rahway police court, and arraigned before the magis-
trate, who discharged them for failure of proof connecting
them with the robbery. Subsequently, however, the charges

against the officers were investigated by the grand jury of Union county, which body, at the May term, 1923, presented an indictment against them. The case was set down for trial. On the day fixed the relators appeared with their witnesses ready for trial, but at the instance of the state the case was postponed to another day, and the relators, with their witnesses again appearing ready for trial, the state having no evidence to sustain the charges made against the accused, the indictments were *nolle prosequied*. It appears that within a month after the suspension of the relators, and after the hearing and dismissal of the charges against them in the police court, their counsel wrote a letter to the board of commissioners requesting that the relators be reinstated. On November 27th, 1923, after the indictment against the accused has been *nolle prosequied*, the same request was repeated, but no heed was taken.

The board not having acted in the matter on December 31st, 1923, the alternative writs of *mandamus* were applied for and allowed. After the service of these writs on the respondents, written charges against the relators were served upon them, and on January 15th, 1924, one day before the writs were returnable at Trenton, the relators were acquitted by the boards.

The present proceedings was brought to compel the city of Rahway to reinstate the relators as patrolmen and to pay them their salaries from March 31st, 1923, to the date of their reinstatement.

The answer to the writs sets up two grounds why the city of Rahway should not pay them.

The first reason given is that they earned money by working elsewhere during the period of their suspension, and that there must by an action at law establish their claim against the city. Second, that the work was done by somebody else during that period, and that therefore they are not entitled to their pay. The motion to strike out is directed against this part of the returns to the writ. It is obvious, therefore, that the motion affects the very essence of the respondents' defense, as set up in their answer.

We are of the view that the returns to the writ do not set up a valid defense to the relators' demands, and are frivolous.

It has been declared by the decisions of the courts of this state that a police officer holds an office, and that a contractual relation does not exist between a municipality and its police officers. *City of Hoboken* v. *Gear*, 27 *N. J. L.* 265; *Love* v. *Mayor and Aldermen of Jersey City*, 40 *Id.* 456, 459; *Kenny* v. *Hudspeth*, 59 *Id.* 320, 322; *Van Sant* v. *Atlantic City*, 68 *Id.* 449.

It is and was not contended in this case that the *mandamus* proceeding instituted by the relators is not a proper remedy. The return admits that the relators were acquitted of the charges preferred against them, and avers that they were reinstated, which, as has already been pointed out, was done after the alternative writ of *mandamus* had been served upon the respondents. But the insistence on behalf of the respondents appears to be that the relators must first establish their claims at law. What claims were to be established by them are not disclosed. The relators were wrongfully dismissed from office, and there can be no question that the period of suspension continued from the date of dismissal till the date of their reinstatement. The salary which each was to receive was fixed by law, so that there was a sum certain due to each from the municipality.

The allegations in the return that the relators had been working at certain times during the period of their suspension and earning large sums of money, are not only indefinite and uncertain in character, but, as a matter of law, constitute no defense to the claims of the relators to the salary which were payable to them, as police officers.

The respondents, in their brief, discuss at great length the doctrine as to the legal rule applicable to a case where an officer *de jure* sues an officer *de facto* to recover the salary paid the latter, of which salary the officer *de jure* was wrongfully deprived. But no such case is presented by the pleadings. Moreover, it does not appear that the tempo-

rarily vacant offices were filled during the relators' suspension.

We think the just and equitable rule is laid down by 1 *Dill. Mun. Corp.* 745 (*5th ed.*), § 429, where he says: "When an officer entitled by law to a fixed annual salary has been prevented for a time through no fault of his own from performing the duties of his office, and has during that time earned wages in another and different employment, he cannot be compelled, in an action to recover his unpaid salary, to deduct the amount earned."

In *Fitzsimmons* v. *City of Brooklyn,* 102 *N. Y.* (57 *Sickels*) 536 (*Court of Appeals*), the question was whether the plaintiff, who was a police officer, and had been unlawfully removed from office, but was afterwards reinstated, and who, during his suspension, worked for others and earned wages, could properly recover from the municipality the salary accruing during his suspension, without allowing any deducting for his earnings from other sources, and the court held that he could.

We adopt the reasoning of Mr. Justice Finch (at *p.* 538), where he says: "We have often held that there is no contract between the officer and the state or municipality by force of which the salary is payable. That belongs to him as an incident of his office and so long as he holds it, and when improperly withheld he may sue for it and recover it. When he does so he is entitled to its full amount, not by force of any contract, but because the law attaches it to the office, and there is no question of breach of contract or resultant damages out of which the doctrine evoked has grown."

These views lead to the result that the motion of relators' counsel to strike out the return to each of the alternative writs must prevail, and that a peremptory writ of *mandamus* issue.