Argued December 13, 1933; affirmed January 9, 1934

## MORRIS *v.* PARKS ET AL.

(28 P. (2d) 215)

*W. W. Harcombe,* of Eugene, for appellant.
*E. V. Slattery,* of Eugene, for respondents.

BEAN, J.   Plaintiff appeals from a judgment sustaining a demurer to the complaint.   It is alleged in plaintiff's complaint that on February 1, 1932, plaintiff was employed by the supervisors of the Lane

County Dog Control District, as enforcing officer for the balance of the calendar year of 1932, at an agreed salary of $156 per month, plus five cents per mile for all mileage traveled by plaintiff in the exercise of his duties as enforcement officer for Lane County Dog Control District, in excess of 1,040 miles, and that on May 1, 1932, the defendants without cause and in violation of said contract, and without notice to plaintiff, discharged him. Plaintiff thereupon tendered his continued services under the agreement and notified the board of his readiness and willingness to perform his engagements under said agreement and apprized the board that it was his intention to hold the district to said engagement for the balance of the year 1932. Plaintiff seeks to recover the sum of $1,170 for services performed.

It is contended by defendants that the plaintiff was an officer within the purview of the law and as such liable to removal at the pleasure of the appointing power and that the contract of employment was therefore void as against public policy. It is the contention of plaintiff that he was a mere employee of the board under the authority conferred by section 20-2309, and that the contract of employment is therefore enforceable.

The main question for determination is as to the status of plaintiff, whether he is an officer within the purview of the constitution and the laws, or a mere employee, and the plaintiff concedes that if he was, during such time, an officer within the constitutional provisions, then he would have no redress.

Section 20-2309, Oregon Code 1930, authorizes the county court of any county to declare such county a Dog Control District and to appoint a board of three resident supervisors for the term of two years or until

their successors are appointed and qualified, and prescribes their duties. This section provides in part as follows:

"The board is empowered to hire an enforcement officer, for such time as is deemed necessary, for the effective enforcement of the laws relating to dogs. Salaries of enforcement officers shall be paid entirely from money in the dog license fund. It shall be the duty of this law enforcement officer or officers to act under the direction of the board of supervisors, and he or they shall be vested with full authority to make arrests and to collect fees therefor, and to kill all dogs not licensed and to do all those things authorized by law to reduce the damage inflicted by dogs upon domestic animals and to investigate claims against the dog license fund."

The constitution of Oregon, Art. XV, § 2, provides:

"When the duration of any office is not provided for by this constitution, it may be declared by law; and if not so declared, such office shall be held during the pleasure of the authority making the appointment. But the legislative assembly shall not create any office, the tenure of which shall be longer than four years."

The distinction between an officer and employee is stated in a note found in 53 A. L. R. 595, as follows:

"It may be stated, as a general rule deducible from the cases discussing the question, that a position is a public office when it is created by law, with duties cast on the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature and not occasional or intermittent; while a public employment, on the other hand, is a position which lacks one or more of the foregoing elements."

Citing many authorities in support of the rule, among which is *Reising v. Portland,* 57 Or. 295 (111 P. 377, Ann. Cas. 1912D, 895), wherein it is held that a policeman is a public officer.

It will be noted that the statute which is above referred to declares the plaintiff to be an officer with full authority to enforce the dog law and in the performance of his duties as such vested with full authority to make arrests.

The circuit court held that irrespective of the rule announced by the various authorities defining a public officer, the statute itself constitutes the plaintiff a public officer. With that holding we concur. 1 Mechem's Public Offices and Officers, § 1, quoted in *State v. Mackie,* 82 Conn. 398 (74 Atl. 759, 26 L. R. A. (N. S.) 660), which promulgates the following:

"A public office is a right, authority, and duty, created and conferred by law, by which  *  *  *  an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public."

■ A police officer or peace officer is a public officer whose employment may be terminated at the authority of the appointing power, in the absence of constitutional or statutory restrictions. *Reising v. Portland,* supra; *State v. Guglielmo,* 46 Or. 250 (79 P. 577, 80 P. 103, 69 L. R. A. 466, 7 Ann. Cas. 976); *State ex rel. Moore v. Archibald,* 5 N. D. 359 (66 N. W. 234, 242); Annotation, 36 L. R. A. (N. S.), p. 881.

The terms "employ" or "hire" are equivalent to "appoint". *Burnap v. United States,* 252 U. S. 512 (40 S. Ct. 374, 376, 64 L. Ed. 692); *Gracey v. City of St. Louis,* 213 Mo. 384 (111 S. W. 1159); *United States v. Butler,* 49 Fed. (2d) 52, 54.

The duty of plaintiff as a "law enforcement officer" under the statute, in enforcing the law and making arrests, involves the exercise of a portion of the sovereign power or functions of the state in which the public is concerned. Such duties were continuous in their

nature and not merely occasional or intermittent. The legislature, in its wisdom, has completely declared the enforcement officer to be an officer within the meaning of the constitution and statute. *Gibson v. Kay,* 68 Or. 589 (137 P. 864). The plaintiff, acting as an enforcement officer, was an officer within the meaning of the constitution and statute.

■ The plaintiff, in his capacity as an enforcement officer, being a public officer within the meaning of the law, the next question for the court to determine is, did the defendants as supervisors of the Lane County Dog Control District have authority to enter into the contract or did they have legal authority to discharge the plaintiff before the expiration of the contract? The power of appointment generally carries with it as an incident the power to remove. Implied power to remove cannot be contracted away so as to bind the appointing bodies to retain an officer for a definite, fixed period. 46 C. J. 985, § 146; *Wright v. Gamble,* 136 Ga. 376 (71 S. E. 795, Ann. Cas. 1912C, 372, 35 L. R. A. (N. S.) 866) ; 22 R. C. L. 562, § 267, lays down the rule as follows:

"The general rule is that when an office is created to be filled by appointment, if the legislature does not designate the term of the office, the appointee will hold only during the pleasure of the appointing power, and may be removed at pleasure, at any time without notice or hearing." (See also Irving v. Ferguson, 118 Wash. 37, 202 P. 269).

Under the law, where the right of removal is incident to the power to appoint, no formal charges or hearing are required in the absence of a statute on the subject.

The circuit court held that the contract, having a definite period, is not binding upon the defendants;

that, notwithstanding such a contract, they had a legal power to remove the plaintiff, and that, his contract being void, the plaintiff is not entitled to recover on account of the alleged breach thereof, and that the demurrer to plaintiff's complaint should be sustained.

With this decision we concur, and the judgment of the circuit court is affirmed.

RAND, C. J., CAMPBELL and BAILEY, JJ., concur.