600 P.2d 136

Runyan A. BUCKALEW,
Plaintiff-Respondent,

v.

The CITY OF GRANGEVILLE, a
Municipal Corporation,
Defendant-Appellant.

No. 12696.

Supreme Court of Idaho.

Sept. 21, 1979.

Dennis L. Albers, Grangeville, for defendant-appellant.

William H. Foster, Grangeville, for plaintiff-respondent.

BISTLINE, Justice.

Plaintiff (Buckalew) filed a complaint against defendant City of Grangeville (City) for salary Buckalew claimed was due him as Grangeville's appointed police chief, from which position he claimed to have been wrongfully discharged. We reversed on appeal and remanded the cause to the district court to determine whether Buckalew had been hired for a specific term. *Buckalew v. City of Grangeville*, 97 Idaho 168, 540 P.2d 1347 (1975).

A trial to the court was held. The City attempted to introduce evidence that Buckalew was working at another job during the period for which he sought compensation. The court ruled this evidence inadmissible.

After all of the evidence had been presented, the trial court in its memorandum decision held that Buckalew had been hired for a specific term from February 20, 1973 to January 7, 1974, and awarded him judgment for his salary in the amount of $4,109; that trebled by application of I.C. § 45–615(4);[1] and attorneys fees pursuant to I.C. § 12–121[2] in the amount of $3,340. The City has appealed to this Court.

The City's first contention is that the trial court erred in finding that Buckalew was appointed for a specific term. We cannot agree. This Court has consistently held that findings of fact by the district court will not be set aside on appeal unless they are clearly erroneous and are not supported by substantial and competent evidence. I.R.C.P. 52(a); *Lewis-Clark Memorial Gardens, Inc. v. City of Lewiston*, 99 Idaho 680, 587 P.2d 821 (1978); *Isaacson v. Obendorf*, 99 Idaho 304, 581 P.2d 350 (1978); *Lester v. Lester*, 99 Idaho 250, 580 P.2d 853 (1978); *Rife v. Rife*, 98 Idaho 923, 576 P.2d

204 (1978); *Idaho Water Resource Bd. v. Kramer*, 97 Idaho 535, 548 P.2d 35 (1976); and others.

Here there is substantial and competent evidence supporting the challenged finding: the mayor must comply with all city ordinances, I.C. § 50–602;[3] Grangeville City Ordinance No. 1–10–2 provides that all appointments shall be made for a specified term; Buckalew was appointed by the city council, and Buckalew testified that "I was advised as long as Bos was mayor, I would be Chief of Police," and that previous Chief Pelton told Buckalew the mayor's term expired in January, 1974. There was conflicting testimony presented by Mayor Bos, but the credibility of the witnesses and the weight to be given their testimony are exclusively within the province of the trier of facts. *Gilbert v. Smith*, 97 Idaho 735, 552 P.2d 1220 (1976); *Comish v. Smith*, 97 Idaho 89, 540 P.2d 274 (1975); *Thomson v. Marks*, 86 Idaho 166, 384 P.2d 69 (1963); *State v. H & K Construction Co.*, 75 Idaho 492, 274 P.2d 1002 (1954).

The City next contends that the court erred in refusing to admit any evidence on the amount of compensation earned by Buckalew in other occupations between July 1, 1973 and January 7, 1974.

The trial judge was correct in this ruling. The general rule is that:

"A public officer who is prevented, without any fault on his part, from performing the duties of his office, and while so excluded, earns wages in another employment, or could have earned such wages, may recover his full salary for the period of his wrongful exclusion from office without crediting thereon by way

---

1. I.C. § 45–615(4). "Any judgment for the plaintiff in a proceeding pursuant to this act shall include all costs reasonably incurred in connection with the proceedings and the plaintiff, or the director in his behalf, shall be entitled to recover from the defendant, as damages, three (3) times the amount of unpaid wages found due and owing."

2. I.C. § 12–121. "In any civil action, the judge may award reasonable attorney's fees to the

prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees."

3. I.C. § 50–602. "The mayor, . . . shall . . . take care that the ordinances of the city and provisions of this act are complied with and enforced."

of mitigation of damages his earnings during such period."

Annot. 150 A.L.R. 100, 102 (1944). Accord, *Gentry v. Harrison,* 194 Ark. 916, 110 S.W.2d 497 (Ark.1937); *Bullis v. City of Chicago,* 235 Ill. 472, 85 N.E. 614 (1908); *Sevigny v. City of Biddeford,* 344 A.2d 34 (Me.1975); *Andrews v. City of Portland,* 79 Me. 484, 10 A. 458 (1887); *McKenna v. Commissioner of Mental Health,* 347 Mass. 674, 199 N.E.2d 686 (1964); *Wilkinson County Board of Supervisors v. Jolliff,* 230 So.2d 61 (Miss.1969); *Wessler v. City of St. Louis,* 242 S.W.2d 289 (Mo.App.1951); *State v. Board of County Com'rs,* 121 Mont. 162, 191 P.2d 670 (1948); *Wynne v. City of Butte,* 45 Mont. 417, 123 P. 531 (1912); *Jardot v. City of Rahway,* 2 N.J.Misc. 742, 3 N.J.Misc. 201, 127 A. 799 (1924); *Bookhout v. Levitt,* 43 N.Y.2d 612, 403 N.Y.S.2d 200, 374 N.E.2d 111 (1978); *Fitzsimmons v. City of Brooklyn,* 102 N.Y. 536, 7 N.E. 787 (1886); *Reising v. City of Portland,* 57 Or. 295, 111 P. 377 (Or.1910); *Coble v. School District of Metal,* 178 Pa.Super. 301, 116 A.2d 113 (1955); *LaBelle v. Hazard,* 91 R.I. 42, 160 A.2d 723 (1960); *State v. Hager,* 154 W.Va. 606, 177 S.E.2d 556 (1970); 63 Am. Jur.2d *Public Officers and Employees* § 402 (1972).

In *Wynne v. City of Butte, supra,* the plaintiff was a chief of police who was unlawfully removed from office and another chief of police was appointed and paid in his place. In regard to the money earned by plaintiff during the period from his dismissal to his reinstatement, the court, 45 Mont. 417, 123 P. at 532, said:

> "The city is not entitled to have credited upon plaintiff's claim for salary the amount he earned in other employment during the time he was wrongfully excluded from his office. His claim does not rest upon contract. He was not an employee, but an officer. The salary is an incident to the office, and, if entitled to the office, his right to the salary follows." (Citations omitted)

According to the annotation in 150 A.L.R. 100, 103:

> "The reason advanced for excepting public officers from the application of the general rule as to mitigation of damages is that, according to the general conception of office, no contract, in the usual sense of the word, exists between a public officer and the government, the compensation for the office being a mere incident thereof and belonging to the officer by virtue of his right to the office and not by reason of a contractual relationship. Once this premise is accepted, the result is inevitable, and the nonapplication of the general rule can in no way be called a real exception, since the basis for its applicability, the existence of a contract relation, is missing in the case of a public officer.
>
> "All the text writers are agreed on the above rule in regard to public officers and on the ground for the rule. So, it is said for instance in Throop on Public Officers, 1892, ed., p. 430, § 443: 'It has been often held that an officer's right to his compensation does not grow out of a contract between him and the state or the municipality by which it is payable. The compensation belongs to the officer as an incident of his office, and he is entitled to it, not by force of any contract, but because the law attaches it to the office; and although, during the time for which he claims it, he has earned money in other employment.' And for similar statements see 43 Am.Jur. 164, Public Officers, § 382; 3 Sutherland, Damages, 1916 ed., p. 2557, § 693; 1 Labatt, Master & Servant, 2d ed., p. 1180, § 390; 2 McQuillin, Municipal Corporations, 1939 ed., p. 319, § 539; Mechem, Public Officers, 1890 ed., p. 584, § 872."

█ The City next contends that the trial court erred in awarding Buckalew treble damages pursuant to I.C. § 45–615(4). We agree. The same principles which allow a public officer the special exception of not having to mitigate his damages or to offset his earnings obtained from other employment against his recovery for lost salary are equally applicable in determining whether a public officer is covered by I.C. § 45–615. In discussing this statute in *Goff v. H.J.H.*

*Co.,* 95 Idaho 837, 839–40, 521 P.2d 661, 663–64 (1974) this Court pointed out that:

> "Furthermore, legislative intent and public policy support this requirement that treble damages be allowed where unpaid wages are due and owing. The legislature has logically distinguished between injuries to an interest in real property and withheld wages, making the awarding of treble damages discretionary in one case and mandatory in another. The average wage earner depends greatly on the regular receipt of earned wages. If unpaid, serious economic injury may result to the wage earner. The legislature also has recognized that the wage earner would not be fully compensated if he were allowed merely to recover his withheld wages because of the costs of attorney's fees and suit. Although attorney's fees are authorized by statute, they can not be awarded unless the wage earner recovers all that he claims. Therefore, in many cases there is a need for additional compensation. Thus, although the award of treble damages does tend to penalize the employer, it also serves to fully compensate the wage earning employee for the injury caused him by the delay he experiences in recovering his withheld wages in a court of law and the expenses connected with the recovery."

The status of public officer cannot serve to exempt him from a duty to mitigate while at the same time allowing him the benefits of a statute designed to protect wage earners who do have a duty to mitigate.

■ The City next argues that the trial court erred in awarding Buckalew attorney's fees pursuant to I.C. § 12–121 since that statute was not in force at the time the complaint was filed. *Jensen v. Shank,* 99 Idaho 565, 566, 567, 585 P.2d 1276, 1277 (1978), has now settled the matter:

> "It is our view that the district court did not err in awarding the Shanks attorney fees pursuant to I.C. § 12–121 and that the district court properly included the attorney fees as costs. *See Idah-Best, Inc. v. First Security Bank of Idaho,* 99 Idaho 517, 584 P.2d 1242 (1978). The application of I.C. § 12–121 to a claim for relief which arose prior to the enactment of that section but tried after the section became law is not an improper retroactive application of that section since we view its provision as remedial and procedural and not as affecting the substantive claim for relief. 2 C. Sands, Sutherland Statutory Construction § 41.09 (4th ed. Supp.1978); *see Brainard v. Coeur d'Alene Antimony Mining Co.,* 35 Idaho 742, 208 P. 855 (1922)."

*See Wheeler v. McIntyre,* 100 Idaho 286, 596 P.2d 798 (1979).

■ The City next contends that the trial court erred in concluding the parties stipulated that the court could award reasonable attorney's fees to the prevailing party based upon an affidavit from the attorney. The record, however, discloses the following:

> "MR. ALBERS (Counsel for City): Your Honor, I would be willing to stipulate that if the Court determines that attorney's fees are allowable, which I understood on the record we are not conceding at this point, that they could be set by Mr. Foster or attorney's fees to the prevailing party, if they are allowable, that Mr. Foster could submit an affidavit with his ledger sheet and I the same if the City is successful.

> "THE COURT: Why don't you do that because you both have your time sheets and that will be satisfactory with me. Let the minutes show then the parties have stipulated in the event attorneys fees are awarded, I can set the attorney's fees based upon a future affidavit to be filed by the attorneys as to the time spent."

Our review of the record does not cause us to see that the district court abused its discretion in awarding attorney's fees to Buckalew. *Levra v. National Union Fire Insurance Co.,* 99 Idaho 871, 590 P.2d 1017 (1979).

Affirmed in part, reversed in part, and remanded for the entry of a new judgment in conformance herewith.

DONALDSON, C. J., and SHEPARD, BAKES, and McFADDEN, JJ., concur.