672 P.2d 1060

Michael LA BROSSE,
Petitioner-appellant,

v.

BOARD OF COMMISSIONERS, BOUNDARY COUNTY, Idaho; and Gil Hagen, Dennis Ponsness and William Curries, constituting the Members of said Board, Respondents.

Michael LA BROSSE, Plaintiff-appellant,

v.

COUNTY OF BOUNDARY, State of Idaho, Defendant-respondent.

No. 14337.

Supreme Court of Idaho.

Dec. 5, 1983.

Michael J. Vrable, Coeur d'Alene, for Michael La Brosse.

John R. Douglas, Bonners Ferry, for Bd. of Com'rs, Boundary County et al.

BAKES, Justice.

Plaintiff LaBrosse filed an application for a writ of mandamus seeking to compel the Board of County Commissioners of Boundary County to pay him an additional $300 per month salary as sheriff. He also filed a separate complaint seeking damages.

During July and August of 1980, Sheriff LaBrosse had presented his proposed budget to the Board of County Commissioners. The sheriff's budget provided for a monthly salary to himself of $1,400. This was a $300 a month, or $3,600 annual increase over his previous year's salary; however, the sheriff's total budget did not increase over the previous year. The sheriff justified his salary increase by laying off one deputy. The remaining deputies were also given a small salary increase. The county's total budget, including the sheriff's proposed budget, was adopted, and the sheriff received $1,400

during each of the months of October, November, and December of 1980.

In November, 1980, two new county commissioners were elected to take office in January of 1981. In December of 1980, the board and the two commissioners-elect were given a letter of complaint by the county treasurer, complaining that she had been told there would be no salary increases and that the salary increases given were inequitable. At its first meeting in January, 1981, the Board of Commissioners passed a resolution which "rolled back" the sheriff's salary to $1,100 per month, which was his previous year's salary.

Sheriff LaBrosse sought a writ of mandate in district court to compel the county commissioners to pay the salary increase. The mandamus proceeding was subsequently consolidated with the separate action for damages. The district court held that I.C. § 31–3106, as it then read, required the salary of the county officers to be set by the board during April, and since the sheriff's salary increase was not properly set in April, the prior salary was still in effect. Therefore, the application for a writ of mandate and action for damages were dismissed. Sheriff LaBrosse has appealed. We reverse and remand.

The Idaho Constitution, Art. 18, § 7, states that "[a]ll county officers and deputies when allowed, shall receive, as full compensation for their services, *fixed annual salaries*, to be paid monthly out of the county treasury . . . ." (Emphasis supplied.) The county sheriff is a "county officer." Idaho Const. Art. XVIII, § 6. The Idaho legislature has delegated to the county commissioners the duty of fixing the salaries of the county officers. I.C. § 31–3106. At the time this case arose, the salaries of the county officers, including the sheriff's salary, were by law to be fixed at the April meeting of the county commissioners. 1979 Idaho Sess.Laws, ch. 64, § 1, p. 168. The board failed to fix the salaries at the April meeting, but rather set the salaries during the budget approval process in September of that year, a practice which the district court noted had "much practical

wisdom ... but ... does not comport with the statute." The board reasoned that it could not set the salaries without knowing how much money it would have available to pay such salaries. However practical and wise this approach may have been, it did not comply with the then existing statutory duty imposed by I.C. § 31–3106 to fix the salaries in April, as the district court correctly noted.[1]

The district court specifically found, moreover, "that Boundary County's budget was properly enacted and adopted by the Board of County Commissioners in September of 1980 and it was the intent of the Board to increase plaintiff's salary to $1,400 per month."[2] This was based in part on the testimony of Commissioner Mesenbrink, who was chairman of the board of county commissioners at that time, that "we specifically discussed [the increase to $1,400 per month] and commented on it and approved it." The board of commissioners paid the $1,400 monthly salary for three months, October, November and December of 1980. The issue presented is whether the sheriff's salary, which was set in September during the budget process rather than in April as required by I.C. § 31–3106, was nonetheless "fixed" for purposes of Art. 18, § 7, of the Idaho Constitution requiring "fixed annual salaries." We hold that the sheriff's salary was fixed, and thus protected within the meaning of Art. 18, § 7, of the Idaho Constitution, requiring "fixed annual salaries" and could not be decreased during the fiscal year.

The district court, in its contrary holding, made the following conclusion of law:

"It thus becomes clear that unless the procedure of I.C. 31–3106 is followed to fix the county officers' salaries in April the budget process would not do so.

Since the budget only makes a lump sum appropriation to that particular office, the officer would be at liberty to set his salary at any amount available within the lump sum unless regulated properly by the Board of County Commissioners in setting his salary as required by I.C. 31–3106. It seems obvious that the legislature did not intend to permit this kind of operation."

However, I.C. § 31–1606 provides that the lump sum appropriation of

"salaries and wages ... *as finally fixed and adopted as the county budget by said board* for county commissioners, shall constitute the appropriations for the county for the ensuing fiscal year.... Further, that *no salary may be increased during the ensuing year after the final budget is adopted, without resolution of the board of county commissioners, which resolution shall be entered upon their minutes.*" (Emphasis added.)

Also, I.C. § 31–3101 allows the county treasury to pay only those salaries which are based "upon the warrants of the county auditor" and "*have been fixed or approved by action* of the board of commissioners." (Emphasis added.) It is uncontroverted that the plaintiff's $1,400 per month salary was approved by the board of county commissioners in September of 1980, and was paid by them for three months. The risk that, unless the officer's salary is fixed in April the officer might reallocate the funds within the lump sum appropriation giving the officer a salary increase, does not exist under these circumstances. The statutes set out above adequately protect against such a risk so that we are not persuaded to follow the district court's conclusion. Other reasons compel us to hold in favor of Sheriff LaBrosse.

---

1. I.C. § 31–3106 was amended in 1982 to read, "It shall be the duty of the board of county commissioners of each county, through the county budget process ... to fix the annual salaries of the several county officers as of and from October 1 for the next ensuing year."

2. The board had argued at trial that the sheriff's salary was not approved since the entire budget was approved by "motion" rather than a "resolution." I.C. § 31–1605 provides that the final budget be adopted by "resolution." Faced with the consequences of having an entirely ineffective budget for the fiscal year, the board subsequently had past commissioners file affidavits in unrelated matters that the budget had been adopted by "oral resolution."

The constitutional restriction for "fixed annual salaries" is a less restrictive variation of a restriction contained in the constitutions of many states prohibiting the increase or decrease in public officers' compensation during the term of office. *See, e.g.,* Colo. Const. Art. IV, § 19; Mont. Const. Art. V, § 31 (1972); N.M. Const. Art. IV, § 27; Wash. Const. Art. II, § 25. The stated reasons for such restrictions are: (1) to remove from the governing body the temptation of influencing the public officer through the use of a salary increase or decrease; (2) to protect the officer against legislative oppression which might flow from party rancor, personal spleen, enmity, or grudge; and (3) to establish definiteness and certainty as to the salary pertaining to the office. *Shubat v. State,* 157 Mont. 143, 484 P.2d 278 (1971); *State ex rel. Gilbert v. Sierra County,* 29 N.M. 209, 222 P. 654 (1924); 63 Am.Jur.2d Public Officers and Employees, § 370 (1972).

■ The district court made no specific findings of fact as to what motivated the board to roll back the sheriff's salary after he had been paid the $1,400 per month salary for three months. On appeal, the board argues that it is "merely following [its] duty and strictures" in the Idaho Code. The uncontroverted evidence by one of the newly elected commissioners, however, was that he was "sparked" to investigate the matter by the letter and complaint of the county treasurer that the sheriff's salary was inequitable and unfair. Apparently the newly elected commissioners agreed that the raise was unfair and, after reviewing the past approval procedures of the previous board along with the procedures required in the relevant statutes, decided it had a legal basis to "roll back" the alleged "illegal" salary to the previous $1,100 per month figure. We do not base our conclusion on the evidence of apparent motivation, but merely note that this is the type of situation for which the constitutional restriction was designed in order to protect the county officers' salaries. What may seem "fair" to outgoing commissioners may seem "unfair" to the newly elected commissioners. Art. 18, § 7, of the Idaho Constitu-

tion was enacted to protect county officers' salaries from just such changes in the makeup of the board and changing opinions of the commissioners on the board.

This is not to say that payments by the board made illegally to some other party or for some other reason could not be "rolled back" or recovered. For example, in *Ada County v. Gess,* 4 Idaho 611, 43 P. 71 (1895), the county was allowed to recover from the county assessor the part of his salary which exceeded the constitutional limit then imposed by Idaho Const. Art. 18, § 7 (adopted 1890, amended 1895). However, under the facts of this case, Art. 18, § 7, prevents the rollback.

■ Sheriff LaBrosse claims attorney fees under I.C. § 45–605. However, a county sheriff is not an "employee" for purposes of the attorney fees provided in I.C. § 45–605. *Cf. Buckalew v. Grangeville,* 100 Idaho 460, 600 P.2d 136 (1979) (police chief not entitled to treble damages for unpaid wages); *Spaulding v. Board of County Comm'rs,* 306 Minn. 512, 238 N.W.2d 602 (1976) (a county sheriff is not an employee for purposes of sick leave reimbursement upon retirement). Accordingly, he is not entitled to attorney fees under I.C. § 45–605. However, I.C. § 12–121 applies, and may allow attorney fees to the sheriff. *Buckalew v. Grangeville, supra.* Such an award would require findings of fact as required by I.R.C.P. 54(e)(1).

We reverse the cause and remand with directions that judgment be entered for appellant on his salary claims, and that the trial court consider the award of attorney fees to plaintiff under I.C. § 12–121 and the necessary findings under I.R.C.P. 54(e)(1).

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.