693 P.2d 1127

**Bruce LARSEN, Plaintiff, Counter-defendant, Appellant, Cross-Respondent,**

v.

**John C. URIONA, Defendant, Counterclaimant, Respondent, Cross-Appellant.**

No. 14856.

Court of Appeals of Idaho.

Jan. 8, 1985.

Robert M. Tyler, Jr., and Bobbi K. Dominick of Elam, Burke & Boyd, Boise, for plaintiff, counter-defendant, appellant, cross-respondent.

M. Michael Sasser of Hamlin & Sasser, Boise, for defendant, counter-claimant, respondent, cross-appellant.

Before BAKES, Acting C.J., and McFADDEN and TOWLES, Acting JJ., Special Panel.

McFADDEN, Acting Judge.

Bruce Larsen, appellant, instituted this action seeking damages for personal injuries and medical expenses allegedly inflicted upon him by respondent, John C. Uriona, in an incident involving the use of a fire-arm on respondent's home property. Respondent answered the complaint asserting he acted in self-defense and counter-claimed for damages for assault and intentional infliction of emotional distress. The action was tried to a jury which returned a special verdict finding that Larsen had assaulted Uriona, that Uriona was engaged in lawful self-defense, and awarding Uriona $5,000.00 damages. Judgment was entered on this verdict. Larsen made alternate motions for a judgment notwithstanding the verdict or a new trial on the grounds that the evidence was insufficient to support the verdict. The trial court denied Larsen's motions, but held that Uriona had failed to prove his damages and accordingly reduced the damage award to $10.00. Larsen only has appealed.

This case arose on the following facts: At approximately 12:30 a.m. on October 24, 1980, respondent, Uriona, heard his dog barking and went out into his backyard to investigate. Uriona was barefooted and wearing only a bathrobe. He carried with him a flashlight and a loaded pistol. Uriona heard a rustling noise and shone his flashlight in that direction. The flashlight revealed appellant, Larsen. Uriona ordered Larsen to come out into the open and lie down on the ground. When Larsen did not respond, Uriona fired two shots into the ground. Larsen then moved into the open and laid face down on the ground.

Uriona claims that at this point Larsen shouted, "Jim, get the rifle on him." Larsen denies making the statement. Uriona shouted to his wife to call the police, and when Larsen started to get up, Uriona shot him in the foot. Uriona then fired two more shots into the ground. Larsen turned and started away from Uriona. Uriona fired two more shots, hitting Larsen in the arm and back. Larsen exited Uriona's backyard, got on his bicycle, and rode a short distance before collapsing. Uriona returned to his house and waited for the police to arrive.

On appeal, Larsen contends that the trial court erred 1) in denying his motion for a judgment not withstanding the verdict and 2) in denying his motion for a new trial. We will discuss each contention in turn.

I.

### Judgment Notwithstanding the Verdict

Appellant asserts that the evidence was insufficient as a matter of law to support the jury's finding that Uriona shot Larsen in lawful self-defense. It is well-established that a judgment entered on a jury verdict will not be overturned if it is supported by substantial and competent evidence. *See, e.g., Quincy v. Joint Sch. Dist. No. 41,* 102 Idaho 764, 640 P.2d 304 (1981). The standard for determining what constitutes "substantial" evidence was set out in *Mann v. Safeway Stores, Inc.,* 95 Idaho 732, 736, 518 P.2d 1194, 1198 (1974):

"By substantial, it is not meant that the evidence need be uncontradicted. All that is required is that the evidence be of such sufficient quantity and probative value that reasonable minds *could* conclude that the verdict of the jury was proper. It is not necessary that the evidence be of such quantity or quality that reasonable minds must conclude, only

that they *could* conclude." (Emphasis in original).

Moreover, when ruling on a motion for judgment notwithstanding the verdict, we must view the evidence and all the reasonable inferences that can be drawn therefrom, in the light most favorable to the party against whom the motion is made. *Henderson v. Cominco American, Inc.*, 95 Idaho 690, 696, 518 P.2d 873, 879 (1973); *Mann v. Safeway, supra,* 95 Idaho at 737, 518 P.2d at 1199.

 Appellant argues that a reasonable jury could not conclude, given the evidence presented at trial, that Uriona fired the last two shots in self-defense. In ruling on Larsen's motion for a judgment notwithstanding the verdict or a new trial, Judge Durtschi stated:

"Well, I'm going to deny the Motion for New Trial on all issues. I feel that—I don't mind saying if I had tried the case as a Court trial I would have found the first shot justified, I think. But, I couldn't have found the second two shots justified under the evidence. But, I think—I wasn't the trier of fact and I didn't weigh the evidence and [sic] just absolutely clear to me that the Jury believed every word that Mr. Uriona told them and didn't believe a thing that Mr. Larsen told them. And that was their prerogative; to disbelieve Mr. Larsen and believe Mr. Uriona.

"I think, under the statement of the facts, I have to find that they could—although I wouldn't have found this, they could have found that Mr. Uriona still did not feel that he had placed himself in a position of safety. And I base that solely on his testimony that Mr. Larsen, when he was down said "Keep the rifle on him, Jim" words to that effect. I have to conclude that the Jury believed that, believed those words were said and that the Jury could, based on that find that a reasonable man in Mr. Uriona's position which was, admittedly, a stressful position out there in the dark with nothing on but a bathrobe and [sic] stranger in your yard and its dark, could

have concluded that a reasonable man in Mr. Uriona's position would believe that he was still threatened; that there was an accomplice over in the shadows; that he may have had a gun and that after being shot in the foot Mr. Larsen in achieving, joining his accomplice, might have acquired a weapon and shot him."

Viewing the evidence in the light most favorable to Uriona, we find no error in the trial court's determination that the jury could reasonably have found that a reasonable man in Uriona's position could have felt that his life was being threatened when he fired the last two shots. The credibility of witnesses as well as the weight to be given to their conflicting testimony is exclusively a matter for determination by the jury; and when there is substantial and competent, though conflicting evidence to support their verdict, it will not be disturbed on appeal. *State v. McKeehan,* 91 Idaho 808, 822, 430 P.2d 886, 900 (1967); *see also Buckalew v. City of Grangeville,* 100 Idaho 460, 600 P.2d 136 (1979); *Gilbert v. Smith,* 97 Idaho 735, 552 P.2d 1220 (1976).

## II.

### New Trial

Appellant next asserts that the trial judge applied an incorrect standard in denying his motion for a new trial. It is appellant's position that the trial judge felt constrained to deny the motion because there was substantial and competent evidence to support the jury verdict. He contends that the correct standard for ruling on a motion for a new trial is whether the verdict rendered substantial justice. *Dinneen v. Finch,* 100 Idaho 620, 603 P.2d 575 (1979). He asks this Court to remand the case for re-evaluation of the new trial motion under the substantial justice standard.

 We are unpersuaded by appellant's argument that the trial court did not evaluate the jury verdict in light of the necessity of achieving substantial justice. The fact that Judge Durtschi reduced the damage award from $5,000.00 to $10.00 evidences his concern with the justness of the jury

verdict. In sum, we conclude that the trial court did not err in denying appellant's motion for judgment notwithstanding the verdict or for a new trial.

Respondent has requested attorney fees on appeal. We find no basis for such an award and respondent's request is, therefore, denied.

The judgment of the trial court is affirmed.

Costs to respondent.

BAKES, Acting C.J., and TOWLES, Acting J., concur.